*ORIGINAL*

RAYNARD VALLERY
_____
(Name)
C.S.P/CENTINELA
2302 BROWN ROAD
_____
(Address)
IMPERIAL, CALIFORNIA 92251
_____
(City, State, Zip)
E-32831
_____
(CDC Inmate No.)

| 2254 | 1983 | ✓ |
|---|---|---|
| **FILING FEE PAID** | | |
| Yes | No | ✓ |
| **IFP MOTION FILED** | | |
| Yes ✓ | No | |
| **COPIES SENT TO** | | |
| Court ✓ | ProSe | |

FILED
2008 JAN 16 PM 4:53
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# United States District Court
## Southern District of California

RAYNARD VALLERY
_____
(Enter full name of plaintiff in this action.)

                              Plaintiff,

v.

J.BROWN, CORRECTIONAL OFFICER ,
DEE, CORRECTIONAL SEARGENT ,
D.W.BELL, APPEALS COORDINATOR ,
M.E.BOURLAND, WARDEN, et., al ,
(Enter full name of each defendant in this action.)

                              Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**'08 CV 0095 DMS RBB**

Civil Case No. _____
(To be supplied by Court Clerk)

**Complaint Under the
Civil Rights Act
42 U.S.C. § 1983**

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, RAYNARD VALLERY
                                                                    (print Plaintiff's name)
A STATE PRISONER , who presently resides at C.S.P/CENTINELA, 2302 BROWN
                                                    (mailing address or place of confinement)
ROAD, IMPERIAL, CALIFORNIA 92251 , were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at CALIPATRIA

PRISON, CALIFORNIA on (dates) 4-15-04 , 4-17-04 , and 8-31-06
   (institution/place where violation occurred)        (Count 1)        (Count 2)        (Count 3)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)

§ 1983 SD Form                                                    K:\COMMON\EVERYONE\1983\1983FORM.COM

Defendant _Mr. J. Brown_____ resides in _Calipatria_____
(name)                                                    (County of residence)
and is employed as a _Correctional Officer____. This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _The defendant is/was a correctional officer_
_effecting custodial duties over plaintiff_____

Defendant _Ms. Dee_____ resides in _Calipatria_____
(name)                                                    (County of residence)
and is employed as a _Correctional Seargent__. This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _The defendant is/was a correctional seargent_
_effecting supervisory duties over the custodial_
_officers_____

Defendant _Mr. D.W. Bell_____ resides in _Calipatria_____
(name)                                                    (County of residence)
and is employed as a _Appeals Coordinator___. This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _The defendant is/was the appeals_
_coordinator who is/was responsible for all appeals_
_filed at the institution._____

Defendant _Mail Room Employee(s)_ resides in _Calipatria_____
(name)                                                    (County of residence)
and is employed as a _Correctional Mail Room Staff__. This defendant is sued in
(defendant's position/title (if any))
his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _The defendant(s) is/was Calipatria State_
_Prison Mail Room Employee(s)_____

Defendant ___Mr G. Stratton___ resides in ___Calipatria___,
       (name)                                    (County of residence)
and is employed as a ___Correctional Lieutenant___. This defendant is sued in
                        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: ___The defendant is/was a correctional___
___Lieutenant effecting supervisory duties of Investigative___
___Service Unit___

Defendant ___Mr M.E. Bourland___ resides in ___Calipatria___,
       (name)                                    (County of residence)
and is employed as a ___Warden___. This defendant is sued in
                        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: ___The defendant is/was the warden effecting___
___supervisory duties over the custodial officers who are___
___employed at Calipatria Prison___

Defendant ___Mr K.J. Allen___ resides in _____,
       (name)                                    (County of residence)
and is employed as a ___Appeals Branch Examiner___. This defendant is sued in
                        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: ___The defendant /was the assigned___
___Appeals Branch Examiner___

Defendant _____ resides in _____,
       (name)                                    (County of residence)
and is employed as a _____. This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting
under color of law: _____
_____
_____

**D. CLAIMS***

<strong>CLAIM I</strong>

The following civil right has been violated:

Defendants violated clearly established statutory, regulations, constitutional rights, civil rights of Plaintiff which a reasonable person such as the defendants would have known (Harlow V. Fitzgerald 102 S.ct.2727) Defendants violated plaintiffs constitutional rights and the laws, statutory regulations, and constitutional laws; At that time the constitutional violations was clearly established. The contours of the right is sufficently clear that a reasonable official would understand that what he is doing violates that right (Hope V. Pelzer, 122 S.ct.2508) and harm to the plaintiff was forseeable and the contours of the plaintiffs rights have been defined with sufficient specificity that state officials acting under color of authority had fair warning that their conduct deprived a victim of his rights. As in plaintiffs claim and defendants intentionally violated plaintiffs rights

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

See Attachment
Supporting Facts

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

<strong>CIVIL RIGHTS COMPLAINT</strong>

<u>Count 2</u>:  The following civil right has been violated: _1ˢᵗ 8ᵗʰ And 14ᵗʰ Amendment_

(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

<u>Supporting Facts</u>:  [Include all facts you consider important to Count 2.  State what happened clearly and in your own words.  You need not cite legal authority or argument.  Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

See Attachment
Supporting Facts

<u>Count 3</u>:  The following civil right has been violated: _1ᵗʰ 8ᵗʰ And 14ᵗʰ Amendment_

(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:  [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

SEE Attachment
Supporting Facts

## D.  Previous Lawsuits and Administrative Relief

1.  Have you filed other lawsuits in state or federal courts dealing with the same or similar facts

6

involved in this case? ☐ Yes ☑ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a)  Parties to the previous lawsuit:
Plaintiffs: _____ N/A _____

Defendants: _____ N/A _____

(b)  Name of the court and docket number: ____ N/A _____

(c)  Disposition: [ For example, was the case dismissed, appealed, or still pending?] __ N/A ____

(d)  Issues raised: _____ N/A _____

(e)  Approximate date case was filed: ____ N/A _____.

(f)  Approximate date of disposition: ____ N/A _____.

2.  Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☑ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.  If your answer is "No", briefly explain why administrative relief was not sought.

_____ See Attached Complaint _____
_____ Exhibit (A) _____

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s): _PLEASE SEE Attachment pg 27 (B) 1), 2)_

2. Damages in the sum of $ _1,250,000_ .

3. Punitive damages in the sum of $ _1,250,000_ .

4. Other: _All other Relief that plaintiff is entitle to._

### F. Demand for Jury Trial

Plaintiff demands a trial by ☑ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☑ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☐ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_1·14·08_
Date

_M R. Vallery_
Signature of Plaintiff

Mr. Raynard Vallery E.32831
C.S.P/Centinela
2302 Brown Road
Imperial, California 92251

In Pro-Se

United States District Court
Southern District of California

Raynard Vallery
plaintiff                                    CASE No. _____

V.

Correctional Officer, Mr. Brown
Correctional Sergeant, Miss Dee
Appeals Coordinator, Mr. D.W. Bell
Calipatria State Prison Mail Room Employee(s)
I.S.U. Lieutenant, Mr. G. Stratton
Warden, Mr. M.E. Bourland
Directors Appeal Examiner, Mr. K.J. Allen, et; al. )
            Defendants

Complaint for Damages
[Civil Rights]
Demand for Jury Trial

1. This is a civil action authorized by 42 U.S.C. 1983
to redress the deprivation under color of law of

1.

Rights secured by the constitution of the United States.

This court has jurisdiction under Title 28 U.S.C. § 1331 and 1334 (A), (3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

Plaintiff claims for injunctive relief are authorized by 28 U.S.C. § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedures.

The United States District Court of Southern California is a appropriate venue under 28 U.S.C. § 1391 (b), (2), because it is where the events given rise to this claim occurred.

Plaintiff seeks relief for court fees under 42 U.S.C. § 1988, 28 U.S.C. § 1915 (e), (1), 18 U.S.C. § 3006 (A), 18 U.S.C. § 3006 (A), (g), 42 U.S.C. § 1997 (e), (d), 42 U.S.C. § 1997 ed 3.

Plaintiff seeks relief under 28 U.S.C § 1367, the court has supplemental jurisdiction over plaintiff's state law claims before this court.

Plaintiff seeks relief under 42 U.S.C. § 1985 and 42 U.S.C. § 1986 civil Rights Conspiricy claims before this court.

## <u>PLAINTIFF</u>

2. Plaintiff, Raynard Vallery is and was at all times mentioned herein a Prisoner of the state of California Department of Corrections

in the custody of the California Corrections Department

<u>Defendant</u>

3) Defendant Brown, is a Correctional officer of the State of California Department of Corrections who at all times mentioned in this complaint held the rank of correctional officer and was assigned to Calipatria State Prison.

Mr. Brown is sued in his individual and official capacity while acting under color of law as a state correctional employee.

<u>Defendant</u>

4) Defendant, Dee, is a Correctional Sergeant of the State of California Department of Corrections, who at all time mentioned in this complaint held the rank of correctional sergeant and was assigned to Calipatria State Prison.

Miss Dee, is sued in her individual and official capacity while acting under color of law as a state correctional employee

<u>Defendant</u>

5) Defendant, D. W. Bell, is a correctional Appeals officer of the State of California Department

3

of corrections who at all times mentioned in this complaint held the rank of correctional appeals coordinator and was assigned to Calipatria State Prison.

Mr. D.W. Bell is sued in his individual and official capacity while acting under color of law as a state correctional appeals employee.

<u>Defendant</u>

6) Defendant(s) Calipatria State Prison Mail Room Employee(s) (names unknown); These employee(s) are correctional Mail Room staff/officer, of the State of California Department of Corrections, whom at the time mentioned in this complaint was assigned to Calipatria State Prison Mail Room.

The Employee(s) is sued in individual and official capacity while acting under color of law as a state correctional Mail Room employee.

<u>Defendant</u>

7) Defendant. G. Stratton, is a correctional lieutenant of the State of California Department of Corrections who at all times mentioned in this complaint held the rank of correctional Lieutenant of Investigative Service Unit, and was assigned to Calipatria State Prison.

Mr. G. Stratton is sued in his individual and

official capacity while acting under color of law as a corrections employee

<u>Defendant</u>

8) Defendant, M.E. Bourland, is a warden of the state of California Department of Corrections. Who at the times mentioned in this complaint, held the rank of Warden, and was assigned to Calipatria State Prison.

Mr. M.E. Bourland is legally responsible for the operations of Calipatria State Prison and for the welfare of all inmates of that prison.

Mr. M.E. Bourland is legally responsible for the employees of CDC training, conduct and personel disciplinary actions within the correctional department as a correctional supervisory official as warden.

Mr. M.E. Bourland is sued in his individual and official capacity while acting under color of law as a correctional employee.

<u>Defendant</u>

9) Defendant, K.J. Allen is a correction appeal branch officer of the state of California Department of corrections who at all times mention in this complaint held the rank of correctional

APPEAL BRANCH EXAMINER OFFICER, and was assigned to Corrections Department Appeals Office, Sacramento.

Mr. K.J. Allen is sued in his individual and official capacity while acting under color of law as a Corrections employee.

10) Plaintiff states that each defendant mentioned by law in this civil action should be held accountable and held to answer for their violations to plaintiff's human, civil and constitutional rights; enforcing corrupt treatment and practices upon this plaintiff.

# Supporting Facts

1) Correctional Officer Brown sexually Harassed Mr. Vallery on two occassions.

    1. On the 15th of April 2004, Mr. Vallery was sexually Harassed by C.O. Brown.

    2. On the 17th of April 2004, Mr. Vallery was sexually Harassed by C.O. Brown.

    3. On the 20th of April 2004, Mr. Vallery submitted a complaint pertaining to C.O. Browns sexual Misconduct. (see complaint exhibit A )

2) Correctional Officer Brown, Supervisor, Sergeant Dee was present on both occassions, and did nothing to stop Mr. Brown.

    (A) On the 15th of April 2004, Sergeant Dee stood Approximately 6 to 8 feet away from this first incident and observed C.O. Brown fondling Mr. Vallery. Sgt. Dee did nothing but giggle with the rest of her crew.

    (B) On the 17th of April 2004, Sergeant Dee stood Approximately 20 to 25 yards

from C. Culinary and observed Mr. Vallery being searched by his supervisor, then released to his housing unit.... Within 3 to 5 minutes, Sgt. Dee observed, C.O. Brown approach Mr. Vallery and begin his harassment. After Sgt. Dee observed Mr. Vallery protesting and requesting to see a Lieutenant; Sgt. Dee allowed C.O. Brown with another correctional officer, escort Mr. Vallery to the M.T.A's office and continue his Sexual Misconduct (see complaint exhibit A, pg.3). Sgt. Dee was fully aware of what C.O. Brown was doing and did nothing to stop him..

13) Calipatria State Prison Administration and staff aided and abetted in Sexual Misconduct and corruption by (A) Trying to cover up the Sexual Harassment complaint. (B) Preventing Mr. Valleri from seeking Federal help.

(A) The Administration and staff attempted to cover up the Sexual Misconduct complaint.

1. On the 20th of April 2004, Mr. Vallery filed a Sexual Harassment complaint

8

against correctional officer Brown.
(see complaint exhibit A)

2. Within 10 to 15 days MR. Vallery received notice of the due date.

3. On the 29th of June 2004, MR. Vallery received notice of a delay; stating, "unavailability to locate staff.. (C.O. Brown and moved the date to 8·13·04. (see notice of delay, exhibit B).... The reason for the delay is totally false, due to these facts:

(a) Due to inmates protesting correctional officer Browns sexual misconduct.

(b) Correctional officer Brown was assign to (C) facility before, between and after the new due date.

Correctional officer Browns location was known at all times, before and after the latter date...

4. On the 3rd of September 2004, MR. Vallery received notice of another delay. Stating; Due to complexity of the decision the due date has been

extended to 9.30.04....(see notice of the second delay, exhibit c)...

(a) After the last due date (9.30.04) and there was no response. Mr. Vallery spoke to C.O. Browns Supervisor(s) (see declaration exhibit D)

5. After being very patient, on the 17th of March 2005, Mr. Vallery filed a complaint for a response to the Sexual Harassment complaint.

(a) On the 24th of March 2005, Mr. Vallery received a response stating: "Partially Granted; an attempt will be made to obtain a response. (see exhibit E)

(b) On the 17th of May 2005, Mr. Vallery received notice, "This appeal remains outstanding"....(see exhibit F).

(B) The Mail Room staff prevented Mr. Vallery from seeking Federal Help.

1. Mr. Vallery sent a letter to the Federal Bureau of Investigation, bringing to

their Attention," the Sexual Harassment by Correctional Officer Brown (etc) Requesting for a federal Investigation." The letter was sent back to Mr. Vallery, stating, "Not F.B.I Address." (see exhibit G)... This is unusual for the mail Room staff to send back a letter based on the wrong Address.. fact: The Address is correct. (see posted address exhibit G).... This excuse was fabricated.

Till this point Calipatria State Prison Administration and staff went out their way to cover up the Sexual Harassment...
In the month of July 2005, Mr. Janda appeared in 4 building (C) facility. Mr. Vallery approached Mr. Janda and brought to his Attention, "The Sexual Misconduct complaint, And the excuses that was given for not Answering the complaint." Mr. Janda Responded, "This is unacceptable"; And requested for the complaint Log number."
Shortly after giving Mr. Janda the Log number; on the 3rd of August 2005, Mr. Vallery received notice from the Appeals office that," his complaint has been sent to the first level for Response." (see exhibit H)

On the 1st of November 2005, Mr. Vallery received

11.

A response from first level... (see complaint, 1st level response pg 4.5, exhibit A).... Being unsatisfied with 1st levels response, Mr. Vallery filed for second level review. (see complaint form 2nd level, continues on pg 6, exhibit A)..

(C) Second level Respondent Chief Deputy Warden, M.E. Bourland continues to Aid and Abet in covering up Sexual Misconduct.

1. Due to the fact, Mr M.E. Bourlands response was just a smoke screen, continuing to Aid and Abet in the cover-up. (see complaint, 2nd levels response pg 7.11, exhibit A)... Mr. Vallery was dissatisfied and submitted the complain to the Directors level for review.. After the complaint and second level response was review at directors level by Chief N. Grannis, the complaint was sent back down to second level for futher action. (see complaint, pg 12.13 exhibit A). Also, Mr. Vallery was told, "he would receive futher resolution from directors level once the materiN is returned to Inmate Appeal Branch. (see letter from Chief N. Grannis, exhibit

(D) The cover up of sexual misconduct continues at the second level with the aiding of the Director's Appeal Examiner K.J. Allen.

1. On the 17th of May 2006, with the aiding of Appeals Examiner, Mr K.J. Allen, Mr. M.E. Bourland responded with the same response, adding his fabricated excuse for the delayed response(s). (see complaint 2nd level second response pg 14·18 exhibit A)......

(a) Not once through out the appeal process did anyone state, "The complaint was misplaced as an excuse for the delayed response(s) but M.E. Bourland with the aiding of Appeals Examiner, Mr K.J. Allen. (see directors level appeal decision pg 19, Exhibit A)...

(b) Chief N. Grannis signature was forged at the directors level appeals decision. (compare signatures of Chief N. Grannis letter to Mr. Vallery, and notice to the Appeals coordinator, Exhibit I ; To the directors level signature pg 20, exhibit A Mr. Vallery's complaint was denied

At the directors level due to the continuence of the Aiding And Abetting in corruption; causing much more indignation, humiliation, And degradation... As of now, Mr. Vallery is requesting 2.5 million in damages.

(E) The administration of Calipatria Prison stalled as much time as possible to prevent Mr. Vallery from bringing forth Inmates who have been Sexually Harassed or witnessed Correctional officer Brown sexually Harassing other inmates. (see Victims and witness sheet, exhibit J)...

14) Calipatria State Prison Administration went out their way to provoke Mr. Vallery...

(A) By consistently assigning Correction officer Brown to Mr. Vallery's living quarters and job assignment. After the complaint was filed, The administration was trying to provoke Mr. Vallery.

14

15) Mr. Vallery was put on Paxil due to Correctional Officer Browns Sexual Misconduct and the Aiding and Abetting by the Administration to cover it up.

  (A) In the month of November 2005, Mr. Vallery was taken from his housing unit and transported to Central Health due to high blood pressure.

  (B) Mr. Vallery was given a (EKg). Results: "Normal".

  (C) Mr. Vallery was question About certain symptom(s), such as headache (etc). "Negitive".

  (D) Mr. Vallery was question about, "what's bothering him"? Mr. Vallery began speaking to the Escorting Officer and the R.N. About the problem. Telling them about the Sexual Misconduct of C.O. Brown and the cover-up by the Administration while speaking about the problem Mr. Vallery's blood pressure was checked again.. Mr. Vallery's blood pressure went from approximately

15.

$\frac{167}{129}$ to $\frac{193}{137}$... Mr. Vallery was told by the R.N. and the escorting officer, "to stop talking about the Sexual Harassment and relax".... The R.N. made a call to a outside doctor. After explaining the problem to the doctor; The R.N. was told to keep Mr. Vallery in central health until his blood pressure goes down... The following day Mr. Vallery was put on high blood pressure medication;(I.E) (Nifedipine) (Hydrochlorolhiazide) and (Atenolol).... Futhermore, Mr. Vallery was schedul to see a psychiatrist. (Results) Due to depression caused by Sexual Misconduct, Mr. Vallery was placed on paxil. (See exhibit K)

16) Calipatria State Prison Administration and Correctional staff knew about Correctional Officer Brown's Sexual Misconduct before and after Mr. Vallery was sexually harassed by Correctional Officer Brown...

(A) Before Mr. Vallery was sexually harassed by Correctional Officer Brown..

16.

1. Inmates on (B) Facility, buildings 2, 3, 4 protested about Mr. Browns Sexual Misconduct... (Results) Mr. Brown was removed from (B) Facility and sent to (C) Facility.

2. Inmates on (C) facility, building 5 protested about Mr. Browns Sexual Misconduct.

(B). After; Mr. Vallery was Sexually Harassed by Correctional Officer Brown

1. Inmates on (A) facility protested about C.O. Browns Sexual Misconduct. (Results) Correctional Officer Brown was removed from (A) facility.

2. Correctional Officer Brown was (Again) assigned to (C) facility... Due to Sexual Misconduct, 3 building inmates protested. (Results) C.O. Brown was removed from 3 building and sent to 4 building. Due to Sexual Misconduct 4 building inmates protested. (Results) C.O. Brown was removed from 4 building and sent to 1 building's tower (Ins)....

17.

3. Due to Sexual Misconduct, there was a serious Altercation involving, C.O. Brown and Inmate(s)...

4. The Warden of Calipatria State Prison (M.E. Bourland) was notified about the Sexual Harassment complaint by Mr. Vallery.

The Warden and the administration was fully aware of Mr. Browns Sexual Misconduct....

## First Cause of Action

17) The Actions of Defendant Brown violated Mr. Vallery's, fourth Amendment Rights, Eighth Amendment Rights, And Directors Rule 3401.5 (E)(F).

(A) Mr. Vallery's fourth Amendment Rights were violated when Correctional Officer Brown, "fondle Mr. Vallery on one occassion, "Then stripped Mr. Vallery on Another occassion," for no probable cause, but his own Sexual gratifications. This is a violation of Mr. Vallery's constitutional Rights to be free of unreasonable searches and seizures.. U.S.C.A. 4th Amendment.

18.

(B) Mr. Vallery's Eighth Amendment Rights were violated when Correctional Officer Brown acted with "Deliberate Indifference" for his own Sexual Gratification. Correctional Officer Brown's actions caused Mr. Vallery serious injury. Due to Correctional Officer Brown's actions, Mr. Vallery was ordered medications for his blood pressure and medication by mental health doctors for depression and stress of his condition based on Correctional Officer Brown's illegally, unlawfully and prohibited conduct. This is a violation of Mr. Vallery's constitutional rights, to be free from cruel and unusual punishment. U.S.C.A. 8th Amendment....

(C) Correctional Officer Brown violated Directors Rule 3401.5 (E) when he fondle Mr. Vallery for his own sexual gratification. Correctional Officer Brown violated Directors Rule 3401.5 (F) when he stripped Mr. Vallery of his clothing for no probable cause but his sexual gratification. Mr. Brown was disrespectful and unduly familiar.

18) The Actions of Correctional Officer Sergeant Dee, violated Mr. Vallery's Eighth Amendment Rights,

19.

fourteenth Amendment Rights, And the Director's Rule 3401.5(C)

(A) Mr. Vallery's Eighth Amendment Rights And fourteenth Amendment Rights were violated when Sergeant Dee acted with "Deliberate Indifference," By Allowing Mr. Brown to fondle Mr. Vallery on one occasion, And on Another occasion strip Mr. Vallery of his clothing for no probable cause but his sexual gratification. Sergeant Dee's Actions caused Mr. Vallery serious injury. Due to Sergeant Dee's Actions, Mr. Vallery was ordered medications for his blood pressure and medication by mental health doctors for depression and stress of his condition based on Correctional Sergeant Dee's, illegal, unlawful and prohibited conduct. This is a violation of Mr. Vallery's constitutional rights, to be free from cruel and unusual punishment and equal protection... U.S.C.A 8th, 14th Amend

(B) Correctional Officer Sergeant Dee violated Director's Rule 3401.5(C) by acting with "Deliberate Indifference," And not reporting the sexual misconduct.

20.

## Second Cause Of Action

19) The Actions of, <u>Warden M.E. Bourland</u>, (<u>I.S.U</u>) <u>Lieutenant G. Stratton</u>, Appeals Coordinator Mr. Bell, and <u>Calipateia's Prison Mail Room Staff</u>, Violated Mr. Vallery's first amendment, Eighth amendment, and fourteenth amendment rights and the Directors Rule 3401.5(C).

(A) Mr. Vallery's first amendment, Eighth amendment, and fourteenth amendment Rights were violated when Warden M.E. Bourland acted with "Deliberate Indifference", by fabricating, to cover up the sexual harassment complaint; and by having knowledge of correctional officer Browns sexual misconduct and allowing it to continue. Warden Bourland actions caused Mr. Vallery serious injury. Due to Warden Bourlands actions, Mr. Vallery was ordered medications for his blood pressure and medication by mental health doctors for depression and stress of his condition based on Warden Bourland's illegal, unlawful and prohibited conduct. This is a violation of Mr. Vallery's constitutional rights, To petition the government for redress of grievances; to be

free from cruel and unusual punishment, and equal protection.. U.S.C.A, $1^{st}, 8^{th}, 14^{th}$ Amend.

(B) Warden M.E. Bourland violated Director's Rule 3401.5 (C) by acting with "Deliberate Indifference", when he did not notify the office of Internal Affairs to investigate the sexual misconduct of Mr. Brown

20) The Actions of, Investigative Services Unit, Lieutenant G. Stratton violated Mr. Vallerys, first Amendment, Eighth Amendment, and fourteenth Amendment rights, and the Director's Rule 3401.5(C).

(A) Mr. Vallery's first Amendment, Eighth Amendment, and fourteenth Amendment Rights were violated when (I.S.U) Lieutenant G. Stratton acted with "Deliberate Indifference" by fabricating excuses to cover up the sexual harassment complaint, and by having knowledge of Correctional Officer Browns Sexual Misconduct and Allowing it to continue. Lieutenant G. Stratton Actions caused Mr. Vallery serious injury. Due to Lieutenant G. Stratton Actions Mr. Vallery was ordered medications for his blood pressure and medication by mental health doctors for depression

22.

And stress of his condition, based on Lieutenant G. Stratton, illegal, unlawful and prohibited conduct. This is a violation of Mr. Vallery's constitutional Rights, To petition the government for Redress of grievances; to be free from cruel and unusual punishment; and equal protection... U.S.C.A, 1st, 8th, 14th Amend

(B) (I.S.U) Lieutenant G. Stratton violated Directors Rule 3401.5(c) by acting with "Deliberate Indifference", when he did not notify the office of Internal Affairs to investigate the sexual misconduct of Mr. Brown..

21) The actions of Appeals Coordinator D.W. Bell violated Mr. Vallery's first amendment, Eighth amendment, and fourteenth amendment rights, and Directors Rule 3401.5(c).

(A) Mr. Vallery's first amendment, Eighth amendment, and fourteenth amendment Rights were violated when Mr. D.W. Bell acted with "Deliberate Indifference" by fabricating excuses to cover up the sexual harassment complaint, and by having knowledge of Correctional officer

23

Browns Sexual Misconduct And Allowing it to continue. Appeals Coordinator, D.W. Bell caused Mr. Vallery serious injury. Due to Appeals Coordinator, Bells Actions Mr. Vallery was ordered medication for his blood pressure and medication by mental health doctors for depression and stress of his condition based on Appeals Coordinator, D.W. Bell, illegal, unlawful and prohibited conduct.. This is A violation of Mr. Vallery's constitutional rights, To petition the government for redress of grievances; to be free from cruel and unusual punishment; And equal protection.. U.S.C.A. I, 8th, 14th Amend.

(B)    Appeals Coordinator D.W. Bell violated Directors Rule 3401.5(C) by acting with "Deliberate Indifference" when he did not notify the office of Internal Affairs.

22)    The Actions of Calipatria's Prison Mail Room Staff, violated Mr. Vallery's, first Amendment, And eighth Amendment Rights.

(A)    Mr. Vallery's first Amendment and Eighth

Amendment Rights were violated when
Calipatria Prison Mail Room Staff acted
with "Deliberate Indifference" by fabricating
a excuse to prevent Mr. Vallery from
receiving Federal help. By aiding in
corruption, Calipatria's Prison Mail Room
staff actions caused Mr. Vallery serious
injury. Due to the Mail Room Staff actions
Mr. Vallery was order medication for his
blood pressure and medication by mental
health doctors for depression and
stress of his condition, based on the
Prison Mail Room Staff, illegal, unlawful,
and prohibited conduct. This is a
violation of Mr. Vallery's constitutional
rights.. U.S.C.A. 1st, 8th, Amendment

## Third cause of Action

23) The actions of Defendant K.J. Allen violated
Mr. Vallery's first amendment, eighth amendment,
and fourteenth amendment rights.

(A) Mr. Vallery's first amendment, eighth
amendment, and fourteenth amendment
rights were violated when Director's
Appeal Examiner K.J. Allen acted with

25.

"Deliberate Indifference", by aiding Warden Bourland in corruption. Mr. Allen actions caused Mr. Vallery more degradation (etc) And is a violation of Mr. Vallery's, 1st, 8th, And 14th Amendment.

## Exhaustion Of Remedies

24) Plaintiff, Mr. Vallery used the prisoner grievance procedure available at Calipatria State Prison to try to resolve the problems on this sexual harassment matter.

Mr. Vallery presented facts relating to this complaint; exhausted each level of the appeal procedure with unfavorable responses due to defendants aiding and abetting in corruption to cover-up correctional officer Browns Sexual Misconduct.

After the denial from the directors level, Mr. Vallery forward the complaint to California Victims Compensation and Government Claims Board....
(No Prevail)

26.

# Relief

Therefore Mr. Vallery request the Honorable Judge to grant the following relief:

(A) Issue a declaratory, that the defendant(s) violated the United States Constitution and the state administrative regulations when they:

  1) Allowed correctional Officer Brown to sexually harass Mr. Vallery on two occasions.

  2) Failed to protect Mr. Vallery

  3) Tried to cover up the sexual Misconduct

  4) Aided and Abetted in corruption

(B) Issue an injunction ordering the defendants and their agents:

  1) To give the full names of Calipatria's Prison Mail Room Employee(s) of July 2004, so that I can properly add the name(s) to this complaint.

27.

2) Refrain from taking Reprisal against Mr. Vallery for filing this complaint.

(C) Grant compensation damages in the Amount of the following:

1) $600.000 against Correctional Officer Brown

2) $250.000 against Correctional Sergeant Dee

3) $150.000 against Warden M.E. Bourland

4) $100.000 against (I.S.U) Lieutenant G. Stratton

5) $50.000 against Appeals Coordinator, Mr. D.W. Bell

6) $50.000 against Calipatria Prison Mail Room Staff

7) $50.000 against Directors Appeal Examiner, Mr. Allen

(D) Grant punitive damages in the Amount of the following:

1) $600.000 against Correctional Officer Brown

2) $250.000 against Correctional Sergeant Dee

3) $150.000 against Warden M.E. Bourland

28.

4) $100.000 Against (I.S.U) Lieutenant, Mr. G. Stratton

5) $50.000  Against Appeals Coordinator, Mr. D.W. Bell

6) $50.000 Against Calipatria Prison Mail Room Staff

7) $50.000 Against Directors Appeal Examiner, Mr. Allen

(E) Grant court fee's Accumutative cost And All other Relief this honorable court deem necessary.

Date: 1·14·08

Respectfully Submitted

Mr R. Vallery

Plaintiff in Pro-Se

EXhibit A

RECEIVED CAL APPEALS  NOV 2 3 2005

STATE OF CALIFORNIA

REC'D CAL APPEALS

APR 27 2004

DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| R. Vallery | *M. R. Vallery* | 4-20-04 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| R. Vallery | *M. R. Vallery* | E.3283) | 4-20-04 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| CC II  WW Bell | *WW Bell* | 11-9-05 | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

TREAT AS ORIGINAL 602   JUL 07 2005

REC'D CAL APPEALS
RECEIVED CAL APPEALS NOV 23 2005
APR 27 2004

Officer's Complaint: Sexual Misconduct

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

| | Location: | Institution/Parole Region | Log No. | Category |
|---|---|---|---|---|
| | (LAC) | 1. CAL-C- | 1. 04 710 | 7 |
| | | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Vallery, Rayanard | E-32831 | Facility C Culinary | C4-126 |

A. Describe Problem: On 4-15-04, upon being released from my work assignment, there were approximate four to five correctional officers standing outside the dining hall conducting searches of al kitchen workers. As I exited the dining hall, I was instructed to proceed to a certain office to be searched. C.O. Brown intervened, insisting that he be the one to search me. I was again instructed to go to the other officer to be searched, again C.O. Brown insisted he search me. While being searched by C.O. Brown he placed his hands on my buttocks gently squeezing and ca ressing me in a highly inappropriate manner inconsistent with a routine pat down search. Seem ly as if he derived pleasure from the act of humiliating me. C.O. Brown hands then went to m

If you need more space, attach one additional sheet.

B. Action Requested: That there be an Internal Affairs investigation and I be awarded 100,000.00 in damages.

RECEIVED FEB-7 2006 INMATE APPEALS BRANCH

Inmate/Parolee Signature: _M. R. Vallery_                    Date Submitted: 4-20-04

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

RECEIVED MAY 22 2006 INMATE APPEALS BRANCH

Staff Signature: _____                         Date Returned to Inmate: _____

CSP-CAL BY-PASS

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

Signature: _____                              Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim                    CDC Appeal Number:

04 710

SCREENED OUT    NOV 23 2005

(2)

CH-G  04 710

**REASSIGNMENT**

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other  9-3-04        9-30-04

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 6-24-04        Due Date: 9-13-04

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____  Title: L+  Date Completed: 10/26/ uc

Division Head Approved: _____  Title: CDW(A)  Returned
Signature: _____  Date to Inmate:  NOV 0 1 2005

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 16 days of receipt of response.

This is A serious complaint that involves sexual misconduct by a correctional officer that was filed April 20, 2004... The staff responsible for handling this violation went out their way to sweep this serious violation under the rug by fabricating excuses as to why I was not receiving

Signature: Mr R. Vallery        Date Submitted: 11.10.05

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 12-16-05    Due Date: 1-13-06
☒ See Attached Letter

Signature: DW Bell, CCII        Date Completed: 1-11-06

Warden/Superintendent Signature: _____  Date Returned to Inmate: JAN 1 8 2006

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

The response from second level is a continuance of a cover up, and is more insult to the injury.

_____

_____

_____

_____

Signature: Mr R. Vallery        Date Submitted: 1.28.06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____    AUG 1 1 2006
☒ See Attached Letter

CDC 602 (12/87)        Date: _____

REC'D CAL APPEALS
APR 2 7 2004

**A. Describe Problem Contined:**

groin area, putting his left hand on my genitals, pausing to caress for a second before re-peating the same process with his right hand. C.O. Brown then went to my back pockets and removed the contents that were inside, (work gloves, I.D., and my eating utensil) C.O. Brown placed my eating utensil on the ground, (unbeknownst to me) and placed my gloves and I.D. back inside my pocket. C.O. Brown then stepped back and stated, "Pour the juice inside your cup out." I replied, "This is not juice, this is a cup of water." I then proceeded to drink some of the contents of my cup. C.O. Brown instructed me again to, "pour it out." I did as instructed. Feeling anger, embarrassment, and humilation, I began to walk to my housing unit Before I left two other correctional officers pointed to the ground informing me to retreive my fork, which C.O. Brown had left on the ground. I retreived my fork and headed back to my housing unit feeling greater embarrassment and humilation. All of this was done infront of C.O. Brown's supervisor, Sgt. Dee.

On 4-17-04, upon leaving my work assignment, I was searched by my supervisor as is proced as I left the dining hall. While returning to my housing unit, C.O. Brown observed me walking across the yard, left where he was originally standing and stopped directly infront of my housing unit. As I walked past C.O. Brown, he called me back stating, "Come here Vallery, I want to search you." C.O. Brown was completely aware that my supervisor had just released and searched me upon leaving work. I requested C.O. Brown to let the C.O. standing next to him search me. C.O. Brown responded, "No, he can't search you! I'm going to search you!" I stated "I'm not going to let you feel on me again." Reliving the embarrassment and humilation of the encounter of 4-15-04. C.O. Brown stated, "I'll put this yard down." I responded, "Do whatever you're going to do, but you're not searching me again in order to get your pleasure on." I then sat down on the ground, awaiting the yard to be put down, which it never did. C.O. Brown then stated, "Before you go into this building, I'm going to search you!" In order to avoid this mounting problem, I got up and started walking towards the program office to see the lieutenant.

When I got across the yard I turned around to observe my surroundings and I noticed C.O. Brown was about 25 feet behind me. I approached another officer and asked him, "May I speak with the lieutenant." He responded, "There is no Lt. on the yard right now." I then took a seat on the weight pit to wait for one to arrive. C.O. Brown went through the gate to the central tower and told the C.O. inside the tower, "Watch him. He's refusing to get searched." I responded, "I'm not refusing to get searched, I'm refusing to let C.O. Brown search me." A few minutes later, I was escorted to the M.T.A. office to be strip searched. I was strip searched by C.O. Brown, who had me strip down to everything except my boxers. C.O. Brown then asked for my boxers, I handed them to him and after checking them, he didn't return them back to me. Instead, he told me to turn around, which I complied with. C.O. Brown did not follow proper procedure,(i.e. left foot, right foot, three squats and a cough) C.O. Brown just stood there looking at my buttocks. After about a minute, I turned back around and stood there, still C.O. Brown did not return my boxers, instead he shined his light at my penis and then told me to give him my cup. I did as requested. C.O. Brown still did not return my boxers. Finally, another officer told C.O. Brown to give me my boxers because a female was entering the M.T.A. office.

There was no reason, other than embarrassment, humilation, and sexual misconduct for C.O. Brown to search me, let alone conduct an unclothed body search. Additionally, there was no reason for C.O. Brown to take my boxers and hold on to them for such an extended period of time, except for his perverted pleasures. There was no incidents on the yard and no reason for C.O. Brown to conduct an unclothed body search. C.O. Brown's supervisor Sgt. Dee was present and is aware of the problem of C.O. Brown groping inmates privates. When asked, "Do you want to talk to Inmate Vallery?" Sgt. Dee answered, "No."

C.O. Brown's actions are provoking inmates and putting the safety and security of staff an inmates lives in jeopardy.

# Memorandum

Date.    :    [illegible stamp]

To    :    Inmate Vallery, E-32831

Subject  :    **FIRST LEVEL APPEAL RESPONSE**
**LOG NO.: CAL-C-04-00710**

ISSUE: Staff Complaint

It is the appellant's position that on April 15, 2004 he was released form his assignment in the Facility Culinary when was instructed to proceed to an officer to be searched. Correctional Officer Brown intervened and instructed Vallery that he (Brown) was going to conduct the search of him. While being searched by Brown he (Brown) placed his hands on Vallery's buttocks, gently squeezing and caressing him in a highly inappropriate manner. Brown then placed his left hand on Vallery's genitals, pausing to caress for a second before repeating the same process with his right hand. On April 17, 2004 Vallery was returning to his assigned unit when he observed Officer Brown walking toward him. Brown stopped directly in front of Vallery and directed Vallery to submit to a clothed body search. Vallery refused and was eventually escorted to the Facility Medical Clinic where Officer Brown conducted an unclothed body search of him. Vallery believes that Brown was unprofessional while conducting this search.

The appellant requests that an Internal Affairs Investigation be conducted and that he be awarded $100,00.00

INTERVIEWED BY: On September 12, 2005 G. Stratton interviewed Inmate Vallery in regards to this appeal at the First Level Review. During the interview Vallery stated that the information contained within the CDC 602 is accurate. Vallery stated that he felt that Officer Brown was unprofessional, in particular while conducting the unclothed body search. Vallery stated that while he was naked Brown removed his flashlight and shined the light on his (Vallery) genitals for several seconds. He then directed Vallery to turn around and did the same thing by shining the light on his buttocks area for several seconds.

REGULATIONS: The rule(s) governing this issue is: CCR, Title 15, Sections 3004, Rights and Respects of Others, 3271 Responsibility of Employees and 3287, Cell, Property and Body Inspections.

DISCUSSION: A thorough review of the appropriate CCR, Title 15 sections was conducted and it has been determined that the staff followed the appropriate guidelines. A "fact-finding" was conducted in this matter and as a result the allegations were Not Sustained against the staff members.

*(4)*

RECEIVED CAL APPEALS  MAY 1 2 2006

DECISION: Based upon the above, this appeal is **Partially Granted** at the First Level of Review in that this matter has been reviewed by Investigative Services Unit staff.

The appellant is advised that this issue may be submitted for a Second Level of Review if desired.

G. STRATTON
Correctional Lieutenant
Calipatria State Prison

A Response.; To just telling me, I have not received a response because the complaint is outstanding". This shows nothing more then Aiding & Abetting in a criminal offense..... After speaking to a newly Appointed Appeals coordinator, he ruled that their excuses for not respondin to the complaint is inexcusable, and order a response.. In Nov, of 2005, I received a response; I'm dissatisf After going through all this embarrassment, this humiliat this disrespect; also waiting for over a year for a Response (due to the Aiding & Abetting in a cover-up by staff) I received a response that is a continuance in Aiding Abetting to cover-up Sexual Misconduct by C.O. Brown; This adds more insult to injury and is very degrading As many other violations, this violations should not And can not be ignored........

I Request:
        1) That Correctional Officer Brown be charg with, Sexual Harrassment...
        2) Due to the continuance of the curruptio (Aiding & Abetting) by staff, causing more indignation, humiliation, degradation (etc) I am requesting, 1.9 million in damages...

            Second Level Review:

            Mr R. Vallery)

(6)

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date: JAN 17 2006

To: Vallery, E-32831
Calipatria State Prison

Subject: SECOND LEVEL APPEAL RESPONSE
LOG NO.:CAL-C-04-00710

ISSUE:

It is your position on April 15, 2005, Correctional Officer (CO), J. Brown, was unprofessional, and acted in an inappropriate manner while conducting a clothed body search of your person. You allege CO Brown "caressed and squeezed" your buttocks and genitals with both of his hands. You allege on April 17, 2005, while returning to your housing unit on Facility C, CO Brown, approached you, and escorted you to the Facility C Medical Clinic. You allege CO Brown ordered you to submit to an unclothed body search, and once your clothing was removed, he observed your genitals with his flashlight for several seconds, and pointed the light toward your buttocks.

You are requesting on appeal that an Internal Affairs investigation be conducted in reference to your allegations, and you are compensated $100,000.00 in punitive damages.

INTERVIEWED BY: G. Stratton, Investigative Services Unit Lieutenant, on September 12, 2005.

REGULATIONS: The rules governing this issue are:

California Penal Code Section (PC) 832.7. Personnel records; confidentiality; discovery; exceptions; complaint disposition notification
(a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office.
(b) Notwithstanding subdivision (a), a department or agency shall release to the complaining party a copy of his or her own statements at the time the complaint is filed.
(c) Notwithstanding subdivision (a), a department or agency which employs peace officers may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved.

RECEIVED CAL APPEALS 1 MAY 1 2 2006

VALLERY, E-32831
CAL-C-04-00710
PAGE 2

     (d)   Notwithstanding subdivision (a), a department or agency which employs peace officers may release factual information concerning a disciplinary investigation if the peace officer who is the subject of the disciplinary investigation, or the peace officer's agent or representative, publicly makes a statement he or she knows to be false concerning the investigation or the imposition of disciplinary action. Information may not be disclosed by the peace officer's employer unless the false statement was published by an established medium of communication, such as television, radio, or a newspaper. Disclosure of factual information by the employing agency pursuant to this subdivision is limited to facts contained in the peace officer's personnel file concerning the disciplinary investigation or imposition of disciplinary action that specifically refute the false statements made public by the peace officer or his or her agent or representative.

     (e) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

     The notification described in this subdivision shall not be conclusive or binding or admissible as evidence in any separate or subsequent action or proceeding brought before an arbitrator, court, or judge of this state or the United States.

     (f)   Nothing in this section shall affect the discovery or disclosure of information contained in a peace officer's personnel file pursuant to Section 1043 of the Evidence Code.

## PC 832.8. Personnel records

     As used in Section 832.7, "personnel records" means any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following:

     (a) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information.

     (b) Medical history.

     (c) Election of employee benefits.

     (d) Employee advancement, appraisal, or discipline.

     (e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.

     (f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy.

## California Code of Regulations, Title 15, Section (CCR) 3004. Rights and Respect of Others.

     (a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

     (b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

     (c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

## CCR 3391. Employee Conduct.

(8)

RECEIVED CAL APPEALS   MAY 1 2 2006

VALLERY, E-32831
CAL-C-04-00710
PAGE 3

(a) Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees.

(b) An allegation of misconduct by a departmental peace officer as defined in section 3291(b), is a citizen's complaint pursuant to Penal Code section 832.5. Citizen's complaints alleging misconduct of a departmental peace officer shall be filed within twelve months of the alleged misconduct.

(c) Persons other than an inmate, parolee or staff who allege misconduct of a department peace officer shall submit a written complaint to the institution head or parole administrator of the area in which the peace officer is employed.

(d) Citizens filing complaints alleging misconduct of a departmental peace officer employed by this department are required to read and sign the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to being prosecuted on a misdemeanor charge.]

**Administrative Bulletin 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT**

This Administrative Bulletin announces a change in how Inmate/Parolee Appeals, CDC Forms 602, specifically staff complaints, will be handled. Effective immediately, ALL complaints which allege any misconduct by a staff member shall be logged by the appeals coordinators as a Staff Complaint, Category 7. Procedures for processing staff complaint appeals shall be as follows:

2. The hiring authority, or designee, shall review the allegation and determine if:

The allegation warrants a formal (Category I or Category II) investigation. When an allegation warrants a formal investigation, the appeals coordinator shall bypass the First Level of Review, respond at the Second Level of Review (see sample response below), and refer the case for formal investigation as instructed by the hiring authority. The Second Level Response shall note that the appeal was granted or partially granted (depending upon the action requested by the appellant) and the response shall consist of generic language; e.g.:

RECEIVED CAL APPEALS MAY 1 2 2006

VALLERY, E-32831
CAL-C-04-00710
PAGE 4

"Your allegations of staff misconduct have been referred for investigation. Pursuant to state law, the results of any investigation of staff misconduct shall not be released to the public, inmates/parolees or other staff. You will be notified only of the conclusion of the investigation."

The allegation does not warrant a formal investigation. The appeals coordinator shall be instructed to assign the appeal for a First Level Response. If, during the course of the investigation, the reviewer discovers any serious misconduct, the appeal and new information shall be brought to the attention of the hiring authority, or designee, for further review before any response is provided to the appellant.

4. When an appeal alleges staff misconduct and other issues; e.g., dismissal of a Rules Violation Report or property loss, the inmate/parolee shall be notified that the staff complaint is being handled and that the other issue(s) must be appealed separately. Likewise, if an inmate/parolee files two appeals, one alleging staff misconduct and another appeal which might normally be combined with the staff complaint appeal for the purpose of a response, the appeals shall not be combined.

5. The California Code of Regulations (CCR), Title 15, Section 3084.1(e) [dated November 14, 1997] places the responsibility on the inmate/parolee to attach a Rights and Responsibilities statement to any appeal alleging staff misconduct. However, effective immediately, if an appeals coordinator receives a staff complaint without the attached Rights and Responsibilities statement, it shall not be screened out.

The appeal shall be processed as indicated above and the signed statement shall be obtained from the inmate/parolee at the time of his/her appeal interview.

If the inmate/parolee refuses to sign the Rights and Responsibilities statement, the appeal shall be canceled pursuant to CCR Section 3084.4(d), Lack of Cooperation. A cancellation of an appeal for this reason shall not preclude the initiation or continuation of any other investigation of the matter. If canceled, the appeals coordinator shall see that a complete copy of the appeal is made and forwarded to the hiring authority, or designee, for a determination and possible referral for formal investigation.

Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by Administrative staff and a fact finding investigation has been completed at the Second Level of Review.

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant is to be notified by the respective investigative body that an inquiry has been completed and whether the complaint was unfounded, exonerated, unsubstantiated or substantiated. In this case, the complaint was not substantiated.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

(10)

RECEIVED CAL APPEALS  MAY 1 2 2006

VALLERY, E-32831
CAL-C-04-00710
PAGE 5


<u>DECISION</u>:  The appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level
of Review if desired.

M.E. Bourland
Chief Deputy Warden (A)
Calipatria State Prison

(11)

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**DIVISION OF ADULT INSTITUTIONS**
CALIFORNIA STATE PRISON-LOS ANGELES COUNTY
44750 60TH Street West
Lancaster, CA 93536



**DATE**: May 8, 2006

**TO:** CALIPTRIA, APPEALS OFFICE

**FROM:** C.A. COLLINS
         APPEALS COORDINATOR, CSP-LAC

**RE:**

**CDC#:** E-32831
**APPELLANT NAME:** VALLEY
**LOG#:** CAL 04-710

**MEMO:**

STATE OF CALIFORNIA – DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



April 21, 2006


Appeals Coordinator
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620


RE:   VALLEY, CDC #E-32831 Institution Appeal Log #CAL-04-710 Staff
Complaint

To the Appeals Coordinator:

A response is needed at the next appropriate level of review.

Clarify date of incident. 1LR 2004, 2lr 2005 also address time constraints.  Please
complete and return the requested documents to this office by May 21, 2006.



N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

(13)

State of California                                               Department of Corrections and Rehabilitation

# Memorandum

Date:    MAY 1 7 2006


To:     Vallery, E-32831
        Calipatria State Prison


Subject: SECOND LEVEL ( AMENDED) APPEAL RESPONSE
         LOG NO.:CAL-C-04-00710


ISSUE:

It is your position on April 15, 2004, Correctional Officer (CO), J. Brown, was unprofessional, and acted in an inappropriate manner while conducting a clothed body search of your person. You allege CO Brown "caressed and squeezed" your buttocks and genitals with both of his hands. You allege on April 17, 2005, while returning to your housing unit on Facility C, CO Brown, approached you, and escorted you to the Facility C Medical Clinic. You allege CO Brown ordered you to submit to an unclothed body search, and once your clothing was removed, he observed your genitals with his flashlight for several seconds, and pointed the light toward your buttocks.

You are requesting on appeal that an Internal Affairs investigation be conducted in reference to your allegations, and you are compensated $100,000.00 in punitive damages.

INTERVIEWED BY:   G. Stratton, Investigative Services Unit Lieutenant, on September 12, 2005.

REGULATIONS:  The rules governing this issue are:

California Penal Code Section (PC) 832.7.    Personnel records; confidentiality; discovery; exceptions; complaint disposition notification
     (a) Peace officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. This section shall not apply to investigations or proceedings concerning the conduct of police officers or a police agency conducted by a grand jury, a district attorney's office, or the Attorney General's office.
     (b)   Notwithstanding subdivision (a), a department or agency shall release to the complaining party a copy of his or her own statements at the time the complaint is filed.
     (c)   Notwithstanding subdivision (a), a department or agency which employs peace officers may disseminate data regarding the number, type, or disposition of complaints (sustained, not sustained, exonerated, or unfounded) made against its officers if that information is in a form which does not identify the individuals involved.

VALLERY, E-32831
CAL-C-04-00710
PAGE 2

(d)    Notwithstanding subdivision (a), a department or agency which employs peace officers may release factual information concerning a disciplinary investigation if the peace officer who is the subject of the disciplinary investigation, or the peace officer's agent or representative, publicly makes a statement he or she knows to be false concerning the investigation or the imposition of disciplinary action. Information may not be disclosed by the peace officer's employer unless the false statement was published by an established medium of communication, such as television, radio, or a newspaper. Disclosure of factual information by the employing agency pursuant to this subdivision is limited to facts contained in the peace officer's personnel file concerning the disciplinary investigation or imposition of disciplinary action that specifically refute the false statements made public by the peace officer or his or her agent or representative.

(e) The department or agency shall provide written notification to the complaining party of the disposition of the complaint within 30 days of the disposition.

The notification described in this subdivision shall not be conclusive or binding or admissible as evidence in any separate or subsequent action or proceeding brought before an arbitrator, court, or judge of this state or the United States.

(f)    Nothing in this section shall affect the discovery or disclosure of information contained in a peace officer's personnel file pursuant to Section 1043 of the Evidence Code.

## PC 832.8.  Personnel records

As used in Section 832.7, "personnel records" means any file maintained under that individual's name by his or her employing agency and containing records relating to any of the following:

(a) Personal data, including marital status, family members, educational and employment history, home addresses, or similar information.

(b) Medical history.

(c) Election of employee benefits.

(d) Employee advancement, appraisal, or discipline.

(e) Complaints, or investigations of complaints, concerning an event or transaction in which he or she participated, or which he or she perceived, and pertaining to the manner in which he or she performed his or her duties.

(f) Any other information the disclosure of which would constitute an unwarranted invasion of personal privacy.

## California Code of Regulations, Title 15, Section (CCR) 3004.  Rights and Respect of Others.

(a) Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees. Inmates and parolees have the responsibility to treat others in the same manner. Employees and inmates may use first names in conversation with each other when it is mutually acceptable to both parties.

(b) Inmates, parolees and employees will not openly display disrespect or contempt for others in any manner intended to or reasonably likely to disrupt orderly operations within the institutions or to incite or provoke violence.

(c) Inmates, parolees and employees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

## CCR 3391.  Employee Conduct.

(15)

VALLERY, E-32831
CAL-C-04-00710
PAGE 3

(a) Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public. Inmates and parolees shall be addressed by their proper names, and never by derogatory or slang reference. Prison numbers shall be used only with names to summon inmates via public address systems. Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees.

(b) An allegation by a non-inmate of misconduct by a departmental peace officer as defined in section 3291(b), is a citizen's complaint pursuant to Penal Code section 832.5. Citizen's complaints alleging misconduct of a departmental peace officer shall be filed within twelve months of the alleged misconduct.

(c) Persons other than an inmate, parolee or staff who allege misconduct of a department peace officer shall submit a written complaint to the institution head or parole administrator of the area in which the peace officer is employed.

(d) Citizens filing complaints alleging misconduct of a departmental peace officer employed by this department are required to read and sign the following statement:

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER {this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false may be issued a serious disciplinary rule violation in addition to being prosecuted on a misdemeanor charge.]

**Administrative Bulletin 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT**

This Administrative Bulletin announces a change in how Inmate/Parolee Appeals, CDC Forms 602, specifically staff complaints, will be handled. Effective immediately, ALL complaints which allege any misconduct by a staff member shall be logged by the appeals coordinators as a Staff Complaint, Category 7. Procedures for processing staff complaint appeals shall be as follows:

2. The hiring authority, or designee, shall review the allegation and determine if:

The allegation warrants a formal (Category I or Category II) investigation. When an allegation warrants a formal investigation, the appeals coordinator shall bypass the First Level of Review, respond at the Second Level of Review (see sample response below), and refer the case for formal investigation as instructed by the hiring authority. The Second Level Response shall note that the appeal was granted or partially granted (depending upon the action requested by the appellant) and the response shall consist of generic language; e.g.:

VALLERY, E-32831
CAL-C-04-00710
PAGE 4

"Your allegations of staff misconduct have been referred for investigation. Pursuant to state law, the results of any investigation of staff misconduct shall not be released to the public, inmates/parolees or other staff. You will be notified only of the conclusion of the investigation."

The allegation does not warrant a formal investigation. The appeals coordinator shall be instructed to assign the appeal for a First Level Response. If, during the course of the investigation, the reviewer discovers any serious misconduct, the appeal and new information shall be brought to the attention of the hiring authority, or designee, for further review before any response is provided to the appellant.

4. When an appeal alleges staff misconduct and other issues; e.g., dismissal of a Rules Violation Report or property loss, the inmate/parolee shall be notified that the staff complaint is being handled and that the other issue(s) must be appealed separately. Likewise, if an inmate/parolee files two appeals, one alleging staff misconduct and another appeal which might normally be combined with the staff complaint appeal for the purpose of a response, the appeals shall not be combined.

5. The California Code of Regulations (CCR), Title 15, Section 3084.1(e) [dated November 14, 1997] places the responsibility on the inmate/parolee to attach a Rights and Responsibilities statement to any appeal alleging staff misconduct. However, effective immediately, if an appeals coordinator receives a staff complaint without the attached Rights and Responsibilities statement, it shall not be screened out.

The appeal shall be processed as indicated above and the signed statement shall be obtained from the inmate/parolee at the time of his/her appeal interview.

If the inmate/parolee refuses to sign the Rights and Responsibilities statement, the appeal shall be canceled pursuant to CCR Section 3084.4(d), Lack of Cooperation. A cancellation of an appeal for this reason shall not preclude the initiation or continuation of any other investigation of the matter. If canceled, the appeals coordinator shall see that a complete copy of the appeal is made and forwarded to the hiring authority, or designee, for a determination and possible referral for formal investigation.

Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by Administrative staff and a fact finding investigation has been completed at the Second Level of Review.

In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an investigation, the appellant is to be notified by the respective investigative body that an inquiry has been completed and whether the complaint was unfounded, exonerated, unsubstantiated or substantiated. In this case, the complaint was not substantiated.

Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process.

VALLERY, E-32831
CAL-C-04-00710
PAGE 5

The Second Level of Review notes that your appeal was not completed within the established guidelines set forth, in CCR, Title 15, Section 3084.6, due to Administrative errors. It is noted your appeal was misplaced by the Investigative Services Unit (ISU), and on July 07, 2005, a Treat as Original (TAO) was requested by ISU, and your appeal was subsequently processed.

DECISION: The appeal is denied.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

M.E. Bourland
Chief Deputy Warden (A)
Calipatria State Prison

RECEIVED.CAL APPEALS  AUG 3 1 2006

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  **AUG 1 1 2006**

In re:  Vallery, E-32831
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA 93536-7620

IAB Case No.: 0513706        Local Log No.: LAC 04-710

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. J. Allen. All submitted documentation and supporting arguments of the parties have been considered.

**I.  APPELLANT'S ARGUMENT:**  It is the appellant's position that he was harmed by the sexual misconduct of custody staff at Calipatria State Prison. The appellant alleges staff misconduct on the part of Correctional Officer Brown. The appellant contends that the officer conducted an abusive and unprofessional clothed body search of him. The appellant claims the officer sexually harassed him during the search. The appellant requests on appeal that an internal affairs investigation be conducted and the he be awarded punitive damages in the amount of $1, 900,000.00.

**II.  SECOND LEVEL'S DECISION:**  The reviewer found that an appeal inquiry was conducted into the appellant's complaint. Supervisory staff completed the inquiry, notified the appellant upon completion, and notified him of the inquiry's findings. The appeal was denied at the Second Level of Review. The reviewer also noted that time constraints were not met by staff in processing this appeal due to administrative errors. The appeal was unfortunately misplaced by staff in the Investigative Services Unit.

**III  DIRECTOR'S LEVEL DECISION:**  Appeal is denied.

**A.  FINDINGS:**  In the event that staff misconduct was substantiated, the institution would have taken the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and properly evaluated by administrative staff. The appeal was investigated by Correctional Lieutenant Stratton, and reviewed by the institution's warden.

Although the appellant has the right to submit an appeal as a staff complaint, the request for punitive damages in the form of monetary compensation is beyond the scope of the departmental appeals process. The appellant has failed to provide any new or compelling information that would warrant a modification of the decision reached by the institution. Therefore, no relief will be afforded the appellant at the Director's Level of Review.

**B.  BASIS FOR THE DECISION:**
California Penal Code Section: 832.7, 832.8
California Code of Regulations, Title 15, Section: 3004, 3391

**C.  ORDER:**  No changes or modifications are required by the institution.

VALLERY, E-32831
CASE NO. 0513706
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc: Warden, LAC
Appeals Coordinator, LAC

# AFFIDAVIT FOR WAIVER OF GOVERNMENT CLAIMS FILING FEE AND FINANCIAL INFORMATION FORM

*(Request for Permission to Proceed In Forma Pauperis)*

California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 • www.governmentclaims.ca.gov

**State of California**

**For Office Use Only**

**Claim No.:**

---

*I request a fee waiver so that I do not have to pay the $25 fee to file a government claim with the Victim Compensation and Government Claims Board. I cannot pay any part of the fee.*

## Claimant Information

**①** Last name: VALLERY  First Name: Raynard  MI: U

**②** Tel: ☐☐☐-☐☐☐-☐☐☐☐

**③** Claim Number (if known):

## Employment Information

**④** My occupation:

My employer:

Employer's Mailing Address | City | State | Zip

My spouse's or partner's employer:

Employer's Mailing Address | City | State | Zip

**⑤** If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance, enter your inmate identification number below and skip to step **㉓**.

Inmate Identification Number: E32831

## Financial Information

**⑥** I am receiving financial assistance from one or more of the following programs. ☐ Yes  ☐ No

If no, proceed to step **⑦** If yes, check all that apply, then skip to step **㉔**.

- ☐ SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs
- ☐ CalWORKS: California Work Opportunity and Responsibility to Kids Act
- ☐ Food Stamps
- ☐ County Relief, General Relief (GR), or General Assistance (GA)

**⑦** Number in my household and my gross monthly household income, if it is the following amount or less:

| | Number | Monthly family income | | Number | Monthly family income |
|---|---|---|---|---|---|
| A ☐ | 1 | $969.79 | F ☐ | 6 | $2,626.04 |
| B ☐ | 2 | $1,301.04 | G ☐ | 7 | $2,957.29 |
| C ☐ | 3 | $1,632.29 | H ☐ | 8 | $3,288.54 |
| D ☐ | 4 | $1,963.54 | I | There are more than 8 people in my family |
| E ☐ | 5 | $2,294.79 | | | Add $331.25 for each additional person. |

Number: ☐  Total Income: ☐

If you checked a box in step **⑦** A through I, complete steps **⑨** through **⑮**. Then skip to step **㉔**.

**⑧** My income is not enough to pay for the common necessities of life for me and the people in my family, and also pay the filing fee. ☐ Yes  ☐ No

If yes, fill in steps **⑨** through **㉔**.

## Monthly Income and Expenses

**9** My gross monthly pay is: $     **10** My income changes each month: ☐ Yes ☐ No

**11** Number of persons living in my home:

**12** Other money I get each month

| | Name | Age | Relationship | Monthly Income | | Source: | |
|---|---|---|---|---|---|---|---|
| A | | | | $ | A | | $ |
| B | | | | $ | B | | $ |
| C | | | | $ | C | | $ |
| D | | | | $ | D | | $ |
| E | | | | $ | E | | $ |
| F | | | | $ | F | | $ |

**15** My total gross monthly household income: $    **13** Total other money: $

**16** My payroll deductions are:    **14** My monthly income: $

| | | | | | |
|---|---|---|---|---|---|
| A | | $ | E | | |
| B | | $ | F | | $ |
| C | | $ | G | | $ |
| D | | $ | H | | $ |

**17** My total payroll deduction amount is: $

**18** My monthly take home pay is $    **19** My net monthly income: $

**20** I own or have interest in the following property:

| A | Cash | $ | C | Cars, other vehicles, and boats (List make and year) | | |
|---|---|---|---|---|---|---|
| B | Checking and savings (List banks): | | | Property | Value | Loan Balance |
| | 1) | $ | | 1) | $ | $ |
| | 2) | $ | | 2) | $ | $ |
| | 3) | $ | | 3) | $ | $ |
| | 4) | $ | D | Real estate (List addresses) | | |
| | | | | 1) | $ | $ |
| | | | | 2) | $ | $ |

**21** My monthly expenses are:

| | | | | | |
|---|---|---|---|---|---|
| A | Rent or house payment | $ | J | Installment payments (specify) | |
| B | Food and household supplies | $ | | 1) | $ |
| C | Utilities and telephone | $ | | 2) | $ |
| D | Clothing | $ | | 3) | $ |
| E | Laundry and cleaning | $ | | Total installment payments: | $ |
| F | Medical and dental | $ | K | Wage assignment or withholdings | $ |
| G | Insurance | $ | L | Spousal or child support | $ |
| H | School, child care | $ | M | Other: | |
| I | Transportation and auto expenses | $ | | 1) | $ |
| | | | | 2) | $ |
| | | | | Total other expenses: | $ |

**22** Total monthly expenses: $

**23** I have attached other information that supports this application on a separate sheet.    ☑ Yes ☐ No

## Signature Section

**24** *I declare under penalty of perjury under the laws of the state of California that the information on this form and all the attachments is true and correct.*

Signature of Claimant: *M. R. Vallery*     Date: 1·18·07

VCGCB-GC-0010 8/04

REPORT ID: TS3030                                    REPORT DATE: 01/24/07
                                                     PAGE NO:

CALIFORNIA DEPARTMENT OF CORRECTIONS
CALIF. STATE PRISON, LA COUNTY
INMATE TRUST ACCOUNTING SYSTEM
INMATE TRUST ACCOUNT STATEMENT

FOR THE PERIOD: NOV. 01, 2006 THRU JAN. 24, 2007

ACCOUNT NUMBER : E32831                  BED/CELL NUMBER: F0B50000000011JU
ACCOUNT NAME   : VALLERY, RAYMOND            ACCOUNT TYPE: I
PRIVILEGE GROUP: A

TRUST ACCOUNT ACTIVITY

| DATE | TRAN CODE | DESCRIPTION | COMMENT | CHECK NUM | DEPOSITS | WITHDRAWALS | BALANCE |
|------|-----------|-------------|---------|-----------|----------|-------------|---------|
| 11/01/2006 | | BEGINNING BALANCE | | | | | 0.00 |
| 11/30 | D300 | CASH DEPOSIT | 601977/MR | | 25.00 | | 25.00 |
| | | ACTIVITY FOR 2007 | | | | | |
| 01/05 | FC04 | DRAW-FAC 4 | 602475/1ST | | | 25.00 | 0.00 |

TRUST ACCOUNT SUMMARY

| BEGINNING BALANCE | TOTAL DEPOSITS | TOTAL WITHDRAWALS | CURRENT BALANCE | HOLDS BALANCE | TRANSACTIONS TO BE POSTED |
|-------------------|----------------|------------------|-----------------|---------------|---------------------------|
| 0.00 | 25.00 | 25.00 | 0.00 | 0.00 | 0.00 |

CURRENT
AVAILABLE
BALANCE
--------------
0.00
--------------

**Government Claims Form**
California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 • www.governmentclaims.ca.gov

**State of California**

**For Office Use Only**
**Claim No.:**

## Is your claim complete?

| | |
|---|---|
| ☐ | *New!* Include a check or money order for $25 payable to the State of California. |
| ☐ | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| ☐ | Attach receipts, bills, estimates or other documents that back up your claim. |
| ☐ | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

**1** Last name: VALLERY  First Name: RAYNARD  MI: J

**2** Tel:

**3** Email:

**4** Mailing Address: 44750 60th STREET WEST  City: LANCASTER  State: CA  Zip: 93536

**5** Best time and way to reach you: ANYTIME -- Above Address

**6** Is the claimant under 18? ☐ Yes ☐ No  If YES, give date of birth: MM DD YYYY

## Attorney or Representative Information

**7** Last name:  First Name:  MI:

**8** Tel:

**9** Email:

**10** Mailing Address:  City:  State:  Zip:

**11** Relationship to claimant:

## Claim Information

**12** Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond? ☐ Yes ☑ No

State agency that issued the warrant:  If NO, continue to Step **13**

Dollar amount of warrant:  Date of issue: MM DD YYYY

Proceed to Step **23**.

**13** Date of Incident: 8.11.06

Was the incident more than six months ago? ☐ Yes ☑ No
If YES, did you attach a separate sheet with an explanation for the late filing? ☐ Yes ☐ No

**14** State agencies or employees against whom this claim is filed:

California Department of Correction

**15** Dollar amount of claim: 1,900,000.00

If the amount is more than $10,000, indicate the type of civil case: Sexual Misconduct; Corruption
☐ Limited civil case ($25,000 or less)
☑ Non-limited civil case (over $25,000)

Explain how you calculated the amount:
Based on Applicable exemplery and punitive damages and All other Applicable Laws in the state of California

**16** Location of the incident:

Calipatria State Prison

**17** Describe the specific damage or injury:

See Exibit "A" (Attached documents)

**18** Explain the circumstances that led to the damage or injury:

"Abuse of Authority"; "Doing nothing to stop the misconduct amongst the correctional officers"; "Cover-ups"; "Aiding & Abetting in corruption". Also see Exibit "A"

**19** Explain why you believe the state is responsible for the damage or injury:

The state is responsible for my safe keeping; and responsible for the operations at Calipatria State Prison.

**20** Does the claim involve a state vehicle?  ☐ Yes  ☑ No

IF YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21**

Name of Insurance Carrier

| Mailing Address | City | State | Zip |
|---|---|---|---|
| Policy Number: | | Tel: | |

Are you the registered owner of the vehicle?  ☐ Yes  ☐ No

If NO, state name of owner:

Has a claim been filed with your insurance carrier, or will it be filed?  ☐ Yes  ☐ No

Have you received any payment for this damage or injury?  ☐ Yes  ☐ No

If yes, what amount did you receive?

Amount of deductible, if any:

Claimant's Drivers License Number:     Vehicle License Number:

| Make of Vehicle: | Model: | Year: |
|---|---|---|

Vehicle ID Number:

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

Mr. R. Vallery                                    1·18·07
Signature of Claimant or Representative                Date

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## For State Agency Use Only

**24**

Name of State Agency                               Fund or Budget Act Appropriation No.

Name of Agency Budget Officer or Representative      Title

Signature                                          Date

VCGCB-GC-002 (Rev. 8/04)

EXhibit B

*RECEIVED June 29.04*

# INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE VALLERY, E32831                Date: June 25, 2004
Current Housing: FC0400000000126U

From: INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER: CAL-C-04-00710

ASSIGNED STAFF REVIEWER: AW C/D
DUE DATE: 08/13/2004              APPEAL ISSUE: STAFF COMPLAINTS

Inmate VALLERY, this acts as a notice to you that your appeal has been sent to the
above staff for FIRST level response. If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for SECOND level review.

INMATE APPEALS OFFICE
CALIPATRIA STATE PRISON

State of California

Department of Corrections
CALIPATRIA STATE PRISON

# Memorandum

Date     :     June 24, 2004

To     :     VALLERY, E32831
FC0400000000126U

Log Number: CAL-C-04-00710

Subject:     **EXCEPTIONAL DELAY IN REVIEW OF APPEAL**

This is to notify you that the due date on the above referenced appeal has been extended for the following reason:

☑ Unavailability of the appellant, or staff or inmate witness.

☐ Complexity of the decision, action, or policy.

☐ Necessary involvement of other agencies or jurisdictions. .

This notification is required per California Code of Regulations, Section 3084.6(b)(6).  The new estimated completion date is __*7-13-04*_____.

Appeals Coordinator
CALIPATRIA STATE PRISON

EXhibit  C

## INMATE APPEAL ASSIGNMENT NOTICE

To: INMATE VALLERY, E32831                Date: September 3, 2004
Current Housing:  FC0400000000126U

From:  INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER:  CAL-C-04-00710

ASSIGNED STAFF REVIEWER:  ISU
DUE DATE:  09/30/2004                APPEAL ISSUE:  STAFF COMPLAINTS

Inmate VALLERY, this acts as a notice to you that your appeal has been sent to the
above staff for FIRST level response.  If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for SECOND level review.


INMATE APPEALS OFFICE
CALIPATRIA STATE PRISON

State of California

Department of Corrections
CALIPATRIA STATE PRISON

# Memorandum

Date   :   September 3, 2004

To     :   VALLERY, E32831
           FC0400000000126U

           Log Number: CAL-C-04-00710

Subject:   **EXCEPTIONAL DELAY IN REVIEW OF APPEAL**

This is to notify you that the due date on the above referenced appeal has been extended for the
following reason:

☐ Unavailability of the appellant, or staff or inmate witness.

☒ Complexity of the decision, action, or policy.

☒ Necessary involvement of other agencies or jurisdictions.

This notification is required per California Code of Regulations, Section 3084.6(b)(6).  The
new estimated completion date is ___9/30/04_____.

Appeals Coordinator
CALIPATRIA STATE PRISON

EXhibit D

Declaration of Mr. Vallery in support of
Sexual Harassment Lawsuit


In the month of October 2004, On my way
to the Law Library. Correctional Officer Brown
Supervisor Sgt. Dee called me to the gym And
"Apologized for C.O. Browns behavior... I Asked,
Sgt Dee About "the response to the complaint".
Sgt Dee told me, "they Are not going to respond"....
After speaking to Sgt Dee, I spoke to Another
one of C.O. Browns Supervisors, (name unknown)
I Asked him, About "the delay in the response to
the complaint? I was told, "be patient And you
will receive a response"........ I never received
A response........

EXhibit E

REC'D CAL APPEALS

MAR 2 2 2005

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | _____ |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| VALLERY | E32831 | C. Cul | CY·126 |

**A. Describe Problem:** In April of 2004, I filed a complaint against staff for sexual misconduct Log # CAL-C·04·00710.... June 29·04 I received notice from Appeals Coordinator, stating a delay and a new due date, which was 8·13·04.... On the 3rd of September I received another notice from the Appeals coordinator, stating another delay, with a new due date which was 9·30·04. After speaking to a (few) supervisor of the officer, they told me, to be patient and I will receive a response. I have been patient, and till this day, I have not received a response.

If you need more space, attach one additional sheet.

**B. Action Requested:** I want a response to my complaint.

Inmate/Parolee Signature: _Mr R. Vallery_                Date Submitted: 3·17·05

**C. INFORMAL LEVEL** (Date Received: 3/22/05 )         Partially Granted.

Staff Response: Your Appeal was Assigned to the Investigative Services Unit (ISU), on 6/24/04, with a due date of 9/30/04. As of todays date your Appeal remains outstanding. An Attempt will be made by the Appeals Coordinator I, to obtain a response from ISU at the 1st Level of Appeal

Staff Signature: _Deville_                Date Returned to Inmate: MAR 24 2005

REC'D CAL APPEALS MAR 24 2005

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____                Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

EXhibit F

From: Inmate Appeals Office
       Calipatria State Prison

Date 5/12/05

To: **VAllery**        **E32831**       **C4-126**
     Name                  CDC #            Housing

               CAL-C-04-00710

Your appeal ~~dated~~ _____ was assigned to:

| ADMIN ASST LITIGATIONS | AW A/B MEDICAL | AW BUS SVS OTHER_____ | AW C/D | AW CENT OPS | (ISU) |

on 6/04/04 with an expected due date of 9/30/04. *This Appeal remAins outstanding!*

If you have any questions regarding the status of your appeal, please address
your concerns/issues directly to the assigned reviewer.

*[signature]*

Inmate Appeals Office
Calipatria State Prison

RECEIVED
5·17·05

EXhibit G

R. Valley. E32831
CY.124
P.O. Box 5002
Calipatria, CA
92233

THIS MAIL GENERATED FROM
CALIFORNIA STATE PRISON

Attn: Mr. William N. Mullins

Supervisory Special Agent

P.O. Box 13130

Sacramento, CA 95813

not I
FPAddress of
Return sender

Confidential Mail

## F.B.I. INVESTIGATION OF EXCESSIVE AND/OR UNNECESSARY FORCE OR VIOLENCE

There is a twenty year old law which mandates that the F.B.I. must investigate all complaints of excessive force and/or violence.

Correctional officers (C/O's) are not supposed to touch you. If a C/O grabs, pushes, or manhandles you in any way that is not authorized by law, such action constitutes an assault on an inmate. You have the right to file charges against that C/O with the District Attorney's Office, and you should. You should send a letter to the F.B.I., describing what happened and request an investigation by that department.

If you see another inmate assaulted and gaffled up, and you know that he is going to the hole where he won't be able to contact the F.B.I., you can send a complaint for him (as a witness to the assault), requesting an investigation by the F.B.I. The F.B.I. must investigate the report.

Wardens and Superintendents don't like F.B.I. investigations at all!


SEND YOUR LETTERS OR COMPLAINTS TO:

Federal Bureau of Investigation
Attn.: Mr. William N. Mullins
Supervisory Special Agent
P.O. Box 13130
Sacramento, CA. 95813

EXhibit H

**INMATE APPEAL ASSIGNMENT NOTICE**

**REASSIGNMENT**

To: INMATE VALLERY, E32831                        Date: August 3, 2005
Current Housing:  FC0400000000126U

From:  INMATE APPEALS OFFICE

Re: APPEAL LOG NUMBER:  CAL-C-04-00710

ASSIGNED STAFF REVIEWER:  AW C/D
APPEAL ISSUE: STAFF COMPLAINTS
DUE DATE:  09/30/2004

Inmate VALLERY, this acts as a notice to you that your appeal has been sent to the
above staff for FIRST level response.  If you have any questions, contact the above staff
member. If dissatisfied, you have 15 days from the receipt of the response to forward
your appeal for SECOND level review.

INMATE APPEALS OFFICE
CALIPATRIA STATE PRISON

EXhibit I

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



April 21, 2006

VALLEY, CDC #E-32831
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA  93536-7620

Re: Institution Appeal Log #CAL-04-710 Staff Complaint

Dear Mr. VALLEY:

The Inmate Appeals Branch has received your correspondence regarding the above matter.  It has been forwarded to the Appeals Coordinator at your location for further review.  It is anticipated that they will complete further action at that level, returning the material to this office by May 21, 2006.  You will receive further resolution from this office once the material is returned to the Inmate Appeals Branch.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



April 21, 2006

Appeals Coordinator
California State Prison, Los Angeles County
44750 - 60th Street West
Lancaster, CA  93536-7620

RE:    VALLEY, CDC #E-32831 Institution Appeal Log #CAL-04-710 Staff Complaint

To the Appeals Coordinator:

A response is needed at the next appropriate level of review.

Clarify date of incident. 1LR 2004, 2lr 2005 also address time constraints.  Please complete and return the requested documents to this office by May 21, 2006.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

EXhibit   J

· your genitalia; buttocks; or any other part of your body was intentionally touched; (holding, feeling, fondling,)etc...By C/o Brown, please sign...

If you have witness C/o Brown doing any of these perverted acts; please sign witness sheet:

| Name | Number | Cell # |
|------|--------|--------|
| Scott | K-57505 | C4-228 |
| Sylvester | K65673 | C4-246 |
| L. Gunn | T-68268 | C-4 239 |
| Talbert | K.41685 | C4-232 |
| Hammock | T05752 | C4 729 |
| West | J38288 | C4 240⁴ |
| Zubeldia | F-19506 | C4-234 |
| Rodriguez | K-44749 | C4-234 |
| Vizcarra | T-20053 | C4.249 |
| Villagrana | K 58624 | C4.247 |
| Hernandez | 110786 | C4 249 |
| Townes | T88530 | C4-147 |
| Rodriguez | B28548 | C.4.204 |
| Bonner | K 83350 | C4 245 |
| Rich & Rich | P94889 | C4 -203 |

| | | |
|---|---|---|
| Nguyen | T-50126 | |
| ANDRADE | P-82185 | C-413 |
| FORSTER | V-05507 | C4-135 |
| ESCOBAR | T-92012 | C4-200 |
| Young | T 80633 | C4-116 |
| McDaniel M | K31728 | C-4-123 |
| Moore | J52867 | C-4-112 |
| Taylor | K13029 | C4-206 |
| PRIEGO | P-87813 | C-3-204 |
| Williams | D-48427 | C3-224 |
| Young | H72830 | C5-108 |
| Anderson | H83808 | C5-250L |
| PRITCHETTE | P98439 | C3-133L |
| Cannon | E70363 | C3 233 |
| RANIERI | G-62678 | C3-140 |
| JOHNSON M | D-68692 | C3-228 |
| ANDERSON | D-21106 | C3-229 |
| ADAMS | T-72766 | C4-233 |
| LOCKS | T-79200 | C4-218 |
| (Garrett) Garrett, B. | V-06105 | C4-130 |

| NAME | Number | CELL # |
|---|---|---|
| RODRIGUEZ A | T 61897 | 217 |
| Talbert | K-41685 | C4-232 |
| Holton | D-34639 | C4-121 |
| Young | T-73735 | C4-137 |
| RIVERA, M | J-81805 | C4-238 |
| JONES, M | P87028 | C4-230 |
| THOMAS, V | P96101 | C4-239 |
| L. Gunn | T-68268 | C4-239 |
| Hammock | T05752 | C4-129 |
| TOWNES | T89530 | C4-147 |
| LATIMER | K-08903 | C4-145 |
| Henry | P-64498 | C4-132 |
| ANDRAD | P-82185 | C-4-131 |
| Young | T-80633 | C4-116 |
| BARRY | E 90721 | C-5-116 |
| GRAHAM | H61179 | C-5-248 |
| Williams | D-48427 | C3-224 |
| Young | H72830 | C5-108 |
| Anderson | H83808 | C5-250 |
| ANDERSON | C 77101 | C4-107 |
| PRITCHETTE | P98439 | C3-133 |
| Carror | E70363 | C3 233 |
| (Garrett, B) Garrett, B. | V-06105 | C4-130 |
| BECK, A | K55538 | C4-142L |

EXhibit   K

State of California   Department of Correc    s     Calipatria State Prison                    Prior Page Number:___ ___

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:                          All Staff, Clinicians, Treatment Teams.

| Date: | Time: | Staff: | Reason for Visit | Scheduled Length: |
|---|---|---|---|---|
| 1/5/2006 | 9:00 | MAGNER, J. Ph.D. | Referral Self CM | 0.75 |

| Housing: | FC0400000000126U | Release Date: | | Current Diagnosis: |
|---|---|---|---|---|

CONTACT: ☐ Case Manager  ☐ IDTT  ☐ Psychiatrist  ☐ Individual  ☒ Other *Psychologist*

Completed? ⊙ Yes / No   ☒ Out of Cell   ☐ Cell Front   Reason not Completed

REFERRED BY   ☐ MH   ☐ Custody   ☐ Medical   ☐ Emergency  ☒ I/M Request   ☐ Other

**Subjective:** The I/M is self referred c c/o of "Stress o" being wrongly convicted and a sexual "misconduct" FMD. I/M spends the first bit of the interview talking about his case. The misconduct noted is a charge that he plead felled against a CO. He comes to us because he has been so upset about his case ⇒ TBP.

**Objective:** Alt & oriented. Speech rate is fast c good eye contact. Mood is depressed and anxious. Affect is appropriate. He does acknowledge Ⓢ AH - not-prolang Kem. No thought disorder. The I/M denies any S/I/HI.

**Assessment:** (R/O) Psychotic d/os (2) Adjustment d/o Mood-Chronic - vs Dysthymic c/ ASD

**Plan:** Will refer to Psychiatry for Rx eval. Will follow and RTC in 2-3 wks.

**Education:** CCMS / exercise / sleep hygiene Sanf art

J. Magner

Follow up: MAGNER, Ph.D.
PSYCHOLOGIST

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE: | Last Name: | First Name: |
|---|---|---|---|
| MH 3  [3/21/96] | GP | VALLERY | RAYMOND |
| Confidential Client/Patient Information See W _I Code, Section 5328 | | CDC #  E32831 | DOB  10/17/1963 |

0State of California, Department ⌐ᵣ Corrections: N / C/ S Region, SA = J, Institution = CAL  [X]Male [ ] Female

CONDENSED MENTAL HEALTH ASSESSMENT & TREATMENT SETTING TRANSFER:    Date _/_/_

Variety Use Include: Admissions Intake, Transfer, Parole, Discharge, MHCB screen & Assessment    Page 1 of 4

Current Setting : [ ] GP  [ ] Ad Seg  [ ] SHU      [ ] RC  [ ] CCCMS  [ ] EOP  [ ] PSU  [ ] MHCB  [ ] Other:

| I/M Ethnicity: | Non  English Language: | Level: I / II / III / IV / AS / SHU |
|---|---|---|
| CDC Arrival date: | CDC Release date: | [ ] MH I, MH 4, MH 7, Date: / / |
| Inmate Interviewed On: | Level of Cooperation: | DDPS | [ ] Not Noted |

=====================================================================

**I. Purpose for Condensed Mental Health Assessment:**

A. [ ] Condensed Initial Assessment (Intake) Form    (May Replace or Delay MH I Assessment  / Date Base.)

[ ] MH I;  [ ] MH 7;  [ ] Bus Screening;  [ ] Page 2 (Psychiatric History) as [ ] Update or [ ] Initial History

B. [ ] Transfer to New Setting          Recommended DDPS Code Change To:

    [ ] Return to Custody    [ ] GP    [ ] OSAP    [ ] POC & Complete Page 5.

    [ ] To Out-patient  [ ] CCCMS

        [ ] EOP: Was tele-fax used? Yes[ ]  No[ ];  Was approval obtained? Yes[ ]  No[ ]   Conditional[ ]

        [ ] PSU

    [ ] To In-patient    [ ] MHCB    [ ] Infirmary: CTC pre-screening? [ ] yes  [ ] no  Details:

        [ ] DMH  [ ] Criminal History Supplemental Form needed.  DMII Care Level > [ ] Intermediate [ ] Acute

        Describe referral methods:

        Describe current symptoms/concerns that indicate a need for inpatient:

        Desired Inpatient Treatment outcome:

Was Above: [ ] Intra or [ ] Inter Institution [ ] Other (Outside)    [ ] No  [ ] Yes  Transfer Chrono by

C. [ ] Pre Parole    (Complete page 5: MH4 > CCI > C&PR > Form 611 > Parole Regional HQ & POC Clinician.)

D. [ ] Department of Corrections Discharge. No CDC Follow Up. [ ] Inter State Compact to:          (state)

    [ ] To Other Treatment Source:

    Name:_____    Telephone: ( )___-_____    Fax: ( )___-____

    Address: _____

    [ ] Consent to Release Specific Records, Coordinate with Health Records. [ ] QA Follow Up Plan Discussed Below.

**II. Brief Narrative Summary:  [ ] Expanded on Insert-a-Page**

*The I/M is, self referred ō concerns about his BP caused by his legal work. I/M is serving Life ō for murder. He has a sexual misconduct charge against a CO. No genghe but Id from age 13. The I/M has been running very high BP's, but notes that it is only when he works on his case — or thinks about his case.*

| CONDENSED MENTAL HEALTH ASSESSMENT & TREATMENT SETTING TRANSFER & PAROLE/DISCHARGE FORM  MH 4  Page: 1 of 5  [3/28/96] Use Insert-a Page of MH 1 Confidential Client/Patient Information See W & I Code, Section 5328 | LEVEL OF CARE | Last Name:          First:          MI: |
|---|---|---|
| | | VALLERY,  RAYMOND |
| | Inpatient | |
| | Outpatient | CDC# E32831    DOB 10/17/63 |

**Condensed Mental Health Assessment & Treatment Setting Transfer:**        **Page 2 of 4**

**III.  MENTAL HEALTH & HEALTH HISTORY:   [ ] See Unit Health Record**

(If an item is normal, check normal or none.  If a deviation, elaborate.)

A.  Developmental Problem  [ ] Normal   [X] Abnormal      _Spec Ed_      [ ]
_Attended to the 10th and got GED in prison_
_Grew up in LA - parents and sisters_

B.  Marital:  Circle (S) / M / D / W      _0 Children_      [ ]

C.  Work History:  [ ] None   [ ] Some   [ ] Erratic   [X] Extensive   _- Father in Construction_ [ ]

D.  Mental Health History:  [X] None known   [ ] Yes      [ ]

E.  Issues and Problems      [ ]

    1.  Psychiatric Hospitalization   [X] None   [ ] Yes
    2.  Psychotropic Medication in the last 2 years   [X] None   [ ] Yes
    3.  Outpatient Treatment   [X] None   [ ] Yes
    4.  MH Treatment while incarcerated/paroled   [ ] None   [X] Yes
    5.  History of Substance Abuse   [X] None   [ ] Yes
    6.  Release of information requested   [ ] No   [ ] Yes

F.  Suicidal Behavior   [X] Denies   [ ] History   [ ] None Found   [ ] Present      [ ]

G.  Violent Behavior   [X] Denies   [ ] History   [ ] None Found   [ ] Present      [ ]
_Co-_

H.  Discuss Significant Medical History (Head Traumas, HIV, Seizures)   [ ] None Found   [X] Present      [ ]
_HTN_
_H/O CHI as a consequence to child abuse by father -_
_& 0/0 as a youngster_

I.  Other or Additional Comments:      [ ]
_Hx'd BP hx reported was 193/124. Was brought_
_over to CHI._

| CONDENSED MENTAL HEALTH ASSESSMENT<br>& TREATMENT SETTING TRANSFER<br>& PAROLE/DISCHARGE FORM<br><br>MH 4<br><br>Page: 2 of 5  [3/28/96]<br>Use Insert-a Page of MH 1<br>Confidential Client/Patient Information<br>See W & I Code, Section 5328 | LEVEL OF<br>CARE<br><br><br><br>Inpatient<br><br>Outpatient | Last Name:              First:<br>MI:<br><br>_VALLERY,   RAYMOND_<br><br><br><br>CDC# _E32831_        DOB _10/17/63_ |

**Condensed Mental Health Assessment & Treatment Setting Transfer:** _energy ok_          **Page 3 of 4**

**IV. Present Mental Status     Date** _1/15/6_

| | |
|---|---|
| A) Appearance [x] WNL | _casual_                    _slf ca / rsh_        _no cndesln_ |
| B) Behavior [x] WNL | Speech [x] WNL |
| C) Mood [ ] WNL | _Depressed & worried_        _since incarcerated_ |
| D) Affect [x] WNL | |
| E) Sleep [ ] WNL | _Problem c̄ initial insomnia_ |
| F) Appetite [x] WNL | |

**G) Cognition:**
1) Fund of Information [x] WNL        _Bush, Clinton, Bush_
2) Intellectual Functions [x] WNL
3) Organization of Thought [x] WNL
4) Association of Thought [x] WNL    _Orange - Banana - Citrus_
5) Reality Contact [x] WNL
6) Thought Quality [x] WNL            _Table - Chair - furniture_

H) Perception Disturbances (Hallucinations) [ ] None    _hears positive voices / no VH_

I) Thought Content (Delusions) [x] None

J) Sensorium (Orientation, Memory, Attention, Concentration) [x] WNL

K) Insight & Judgment [x] WNL

L) Interview Attitude [x] WNL

M) Current Suicidality [x] None noted or stated.

N) Current Violence Risk [x] None noted or stated.

---

**V. DSM IV     Numerical     Transferring / Discharge / Provisional     (Discussion, Diagnostic certainty.)**

| | | |
|---|---|---|
| Axis I | 298.9 | Psychotic D/o NOS        (Pro) |
| | 309.28 | Adjustment D/o - Mixed - Chronic vs Dysthymia |
| Axis II | 301.7 | ASPD |
| Axis III | HTN / ch/o CHI | |
| Axis IV | (current) Incarceration | |
| Axis V | GAF = 51-60 (Discuss basis.) | |

Discussion and Diagnostic Certainty:

[ ] Dual Diagnosis

---

| **CONDENSED MENTAL HEALTH ASSESSMENT & TREATMENT SETTING TRANSFER & PAROLE/DISCHARGE FORM**<br><br>**MH 4**<br><br>Page: 3 of 5  [3/28/96]<br>Use Insert-a Page of MH 1<br>Confidential Client/Patient Information<br>See W & I Code, Section 5328 | **LEVEL OF CARE**<br><br><br>Inpatient<br><br><br>Outpatient | **Last Name:          First:**<br>**MI:**<br><br>VALLERY, RAYMOND<br><br><br><br>CDC# E 32831    DOB 10/17/63 |

**VI.  Present Treatment Summary  (See Treatment Plan detail, MH 2, ___/___/___ )**                          Page 4 of 4

a.  Medication Chronology: [ ] None [ ] No Side Effects Noted [ ] Medication Concern Issue [ ] Keyhea   Discuss below.

Allergies:

| Name of Medication | Target Symptom | Dose | Side Effect |
|---|---|---|---|
| HCTZ | | 25 mg | |
| Atenol | | 25 mg | |
| Adalat | | 30 cc | |

b.  Laboratory Results:



c.  Special Consultations:


d.  Treatment Setting Change, if any:


Clinician Name: _____ MAGNER, PH. D. Clinician Title: _____ Date: 1/5/16
                      PSYCHOLOGIST
Clinician Signature: _____ Telephone: ( 760) 348-7000  Ext. 5456

**VII.  NEW SETTING ASSESSMENT & INITIAL TREATMENT PLAN:**                  *David Sirkin, MD*

Date Receiving Above Assessment  2/8/06  Time  9:50 ; Received by: _____ *psychiatrist* _____

Identify Setting:  Arrived  CSP-LAC  2/8/06 — interviewed on yard.

Receiving Assessment:  False sexual misconduct chg against a male CO
is reason pt's BP is high. Pt originally wanted mental health care
for S/O to talk to to deal c̄ situation of being falsely charged & being fondled
by CO. Never wanted meds. Sleeping ~6-7 hrs. Takes Paxil, but not receiving it

Receiving Plan:  Consistently. When stressed, hears voice telling him to "exercise, etc."
Mood "depressed." Affect complaining, slightly irritable. 3AH ØPI. ØSI/HI
Adjustment disorder with depressed mood.

                      *David Sirkin, MD*
Receiving Clinician's Name:   *psychiatrist*          Signature:  [signature]

Clinician Contract Regarding Discharge:  Name & Position

---

| CONDENSED MENTAL HEALTH ASSESSMENT & TREATMENT SETTING TRANSFER & PAROLE/DISCHARGE FORM **MH 4** | LEVEL OF CARE | Last Name:                 First: MI: |
|---|---|---|
| Page: 4 of 5  [3/28/96] Use Insert-a Page of MH 1 Confidential Client/Patient Information See W & I Code, Section 5328 | CCCMS Inpatient Outpatient | VALLERY, RAYMOND CDC# E32831    DOB 10/17/63 |

State of California   Department of Correction□    Calipatria State Prison                    Prior Page Number:___ ___

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:                    All Staff, Clinicians, Treatment Teams.

| Date: | Time: | Staff: | Reason for Visit | Scheduled Length: |
|---|---|---|---|---|
| 1/11/2006 | 13:30 | HAESSLER, W. MD | Refferal M.H. Staff | 0.5 |
| Housing: | FC0400000000126U | Release Date: LWOP | | Current Diagnosis: |

CONTACT: ☐ Case Manager  ☐ IDTT  ☑ Psychiatrist  ☐ Individual  ☐ Other

Completed? Yes / No   ☑ Out of Cell  ☐ Cell Front   Reason not Completed

REFERRED BY PSYCHOLOGIST  ☑ MH  ☐ Custody  ☐ Medical  ☐ Emergency  ☐ I/M Request  ☐ Other

**Subjective:** Referred by Dr. Nguyen re & medication, which inmate does request (c̄ ambivalence). Sxs have been dysphoric "over 20 years", which he relates to being abuse victim — compounded by feeling wrongly convicted (on appeal) and now victim of CO's. (602 @ 2nd level p >1 year). Sleep is ≤ 6 hours, concentration ↓, some crying. Appetite good, no fatigue, no S/I. Tends to mi-

**Objective:** minimize about victimization. Been ego-syntonic & voice over the years (relates to being abuse victim). On 3 BP medications. Mother alcoholic, was abuse victim. He denies significant alcohol / drug history

**Assessment:** Tense, hard of hearing, constricted affect, ambivalent re & meds. No overt psychosis. Suspicion etoh (e.g. re consent form)

I  Dysthymic Disorder
I  R/o Psychotic Disorder
II  ASPD

**Plan:** III  HTN
        Deafness (?) ear

CCCMS
Psychologist for therapy

**Education:** Rx Paxil 10 g PM, consider ↑

Informed consent                                    W. Haessler          Follow up: 3-4 weeks

W.T. HAESSLER, M.D.
PSYCHIATRIST

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES | LEVEL OF CARE: | Last Name: | First Name: |
|---|---|---|---|
| MH 3   [3/21/96] | | VALLERY | RAYMOND |
| Confidential Client/Patient Information See W_I Code, Section 5328 | GP | CDC #  E32831 | DOB  10/17/1963 |

State of California, Department of Corrections: N / C / S Region, Service Area = ___ , Institution = ___ CAL

**MENTAL HEALTH TREATMENT PLAN:** Sequential Part One Identifier Number

☒ Original  ☐ Update  ☐ Rejustification                                          Page 1 of 3

**I. General Information:**                                    ☐ CCCMS Annual Case Review

Arrival Date This Treatment Setting: 1/15/06

☒ CCCMS  ☐ EOP  ☐ OHU
☐ PSU -- ☐ _____ week observation.

Anticipated Date of Transfer to GP: ___/___/___

Custody Level: I / II / III / IV / Ad S / SHU

By: ☒ Team  ☐ Individual Clinician
☐ MH6  ☐ C File  ☐ Health Record
☒ Unit Health Record  ☐ MH 1
☒ MH 4  ☐ Prior MH 2 ___/___/___

Today Date: 1/11/06
Next Up Date: ___/___/___

**II. Print Treatment Team Members**

| Name | Position | Telephone & Extension |
|---|---|---|
| ☒ D. F. Middleton, Ph.D.  ( ) N.R. Bellinger, Ph.D. | Psychologist | (760) 348-7000  Ext. 5456 |
| ☒ W.T. Haessler, MD | Psychiatrist | |
| ☒ R. Pool  ( ) B. Richardson | Psychiatric Technician | |

**III. Present Mental Status   Date ___/___   By _____   Title _____**

A) Appearance ☒ WNL

B) Behavior ☒ WNL

C) Mood ☐ WNL  Tense   Sleep ☐ WNL Fair ↓ 6 hrs.   Appetite ☒ WNL   Speech ☒ WNL

D) Cognition:
   1) Fund of Information ☒ WNL
   2) Intellectual Functions ☒ WNL
   3) Organization of Thought ☒ WNL
   4) Association of Thought ☒ WNL
   5) Reality Contact ☒ WNL
   6) Thought Quality ☒ WNL

Affect ☐ WNL  anxious

E) Perception Disturbances (hallucinations) ☐ None

F) Thought Content (Delusions) ☒ None   Reports hearing a womans voice

G) Sensorium (Orientation, Memory, Attention, Concentration) ☒ WNL

H) Insight & Judgment ☐ WNL  ok  ok  fair  poor   Fair

I) Interview Attitude ☐ WNL   fair

J) Current Suicidality ☒ None noted or stated.

K) Current Violence Risk ☒ None noted or stated.

---

**MENTAL HEALTH TREATMENT PLANS, UPDATES, REJUSTIFICATION**
MH 2 [3/29/96]
Part One: General, Team, MSE Diagnosis, Problems, Inmate Strengths
Part Two: Problem Pages – Results
Use Insert-a-Page of MH 1
Confidential Client/Patient Information
See W & I Code, Section 5328

**LEVEL OF CARE**

Inpatient

Outpatient

Last Name: Vallery   First Name: Raymond   MI:

CDC# E.32831   DOB 10,17,63

Mental Health Treatment Plan Part One:                                    Page 2 of 3

IV. DSM IV  Numerical ☐ Last MSE  _/_/_ ☐ Last TP  _/_/_   MH 1 ☐ _/_/_   Last MH 4 ☐ 1/5/06

| Axis I | 300.4 | Dysthymic disorder |
|---|---|---|
|  | 298.9 | No Psychotic disorder |
|  |  |  |
| Axis II | 301.7 | ASPD |
|  |  |  |
| Axis III |  | HTN. Hard of hearing in (R) ear. |
| Axis IV |  | (current) Some type of an Investigation |
| Axis V |  | GAF = 51-60  Describe basis. |

V.     Problem/Symptom List

**# 1** Pressure from an Investigation

**# 2** Poor Concentration

**# 3** Depressed Mood

VI. Inmate's Strength and Weakness, Goals        Inmate's Treatment Goals, ☐ MH 6 Input
seeks treatment                                    symptom relief

only fair insight                 Treatment Readiness: ☐ Amenable ☑ Motivated ☐ Resistant
poor judgment

VII. Discharge Plan to: ☐ GP ☑ CCCMS ☐ EOP ☐ MHCB ☐ DMH

Signature(s)

| MENTAL HEALTH TREATMENT PLANS, UPDATES, REJUSTIFICATION MH 2 [3/29/96] Part One: General, Team, MSE Diagnosis, Problems, Inmate Strengths Part Two: Problem Pages – Results Use Insert-a-Page of MH 1 Confidential Client/Patient Information See W & I Code, Section 5328 | LEVEL OF CARE<br><br>Inpatient<br><br>Outpatient | Last Name: Vallery   First Name: Raymond   MI:<br><br><br>CDC# E-32831   DOB 10.17.63 |

State of California, Department of Corrections: N / C / S Region,  Service Area = ___ , Institution = CAL

| TREATMENT PLAN PART TWO: PROBLEM ™ # _ _ _ _ pg. _ _ _ _ _ Today Date: __ / __ / __ 3 of 3 | | |
|---|---|---|
| ☐ Initial Treatment Plan    ☐ Update because | | ☐Re-justify,          weeks |

| Prob. | Describe Problem: *Pressed by serious misconduct charge* | Possible Completion | Date |
|---|---|---|---|
| | *Has heard female voice throughout years* | Next Review | Date |
| | **Target Behavior(s):** *and then deposed for a long period* | | |
| | *mood + reality testing* | | |
| | **Target Objective(s):** *Stabilize mood, decrease worry + auditory* | | |
| | *hallucinations* | | |

| Date | Intervention(s) & Staff Assigned. | Frequency and Duration. | Results. |
|---|---|---|---|
| 1/11/06 | *Paxil 10mg pm – Psychiatrist* | *3 - 4 wk* | |
| | *CBT – Psychologist* | *1 mo* | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

| MENTAL HEALTH TREATMENT PLANS, UPDATES, REJUSTIFICATION MH 2 [3/29/96] Part One: General, Team, MSE Diagnosis, Problems, Inmate Strengths Part Two: Problem Pages – Results Use Insert-a-Page of MH 1 Confidential Client/Patient Information See W & I Code, Section 5328 | LEVEL OF CARE Inpatient Outpatient | Last Name:   First Name:   MI: *Valley*   *Raymond* CDC# *E 32 831*   DOB __/__/__ |
|---|---|---|

State of California   Department of Corre___ns    Calipatria State Prison                    Prior Page Number:___ ___

CHRONOLOGICAL INTERDISCIPLINARY PROGRESS NOTES:                    All Staff, Clinicians, Treatment Teams.

| Date: | Time: | Staff: | Reason for Visit | Scheduled Length: |
|---|---|---|---|---|
| 1/26/2006 | 9:30/100 | MAGNER, J. Ph.D. | Referral Self CM | 0.5 |

| Housing: | FC0400000000126U | Release Date: | | Current Diagnosis: 300.4 |
|---|---|---|---|---|

CONTACT: ☐ Case Manager  ☐ IDTT  ☐ Psychiatrist  ☐ Individual  ☒ Other _Psychologist_

Completed? ☐ Yes / No  ☒ Out of Cell  ☐ Cell Front   Reason not Completed

REFERRED BY ☐ MH  ☐ Custody  ☐ Medical  ☐ Emergency  ☐ I/M Request  ☐ Other

**Subjective:** When he was here (Dr Hansen) I tried to get him to explain something. He had a number of questions about the medication. Thought he would be unable to work. Wearing a black stocking as a white cap. Went to UCC and was put up for LAC/CCI. Feels he is gaining weight.

**Objective:** Alert & oriented. Good speech and eye contact. Mood is anxious. Affect is bland. Denies S/HI

**Assessment:** Dysthymic D/o – P/o Psychotic D/o NOS (IASP)

**Plan:** Will continue to follow along c̄ Psy — Change the I/M work/RTC in 2-3 Wks

**Education:** IDTT/SRs

_J. Magner, B. Ph.D._
MAGNER, J.B., PH. D.
PSYCHOLOGIST

Follow up: 2-3 Wks

| MENTAL HEALTH INTERDISCIPLINARY PROGRESS NOTES MH 3 · [3/21/96] Confidential Client/Patient Information See W _I Code, Section 5328 | LEVEL OF CARE: CCCMS | Last Name: VALLERY  CDC # E32831 | First Name: RAYMOND  DOB 10/17/1963 |
|---|---|---|---|

| Short Title: Vallery V. Brown | Court Case No: |
| --- | --- |

# **Proof of Service By Mail**

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My

residence or business address is (specify): CENTINELA STATE PRISON (I.D. # E32831)
2302 BROWN ROAD
P.O. BOX _____
IMPERIAL, CA. 92251

I served the attached:  Complaint _____

By enclosing true copies in a sealed envelope addressed to each person

whose name and address is given below and depositing the envelopes in the

United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: 1 · 14 ___, 2008

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

Clerk of U.S. District Court
Room 4290, 880 Front Street
San Diego, Calif
          92101·3900

I certify under penalty of perjury that the foregoing is true and correct.

DATE: 1·14·08

Vallery
(TYPE OR PRINT NAME)

▶ Mr R. Vallery
(SIGNATURE OF DECLARANT)

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Raynard Vallery

2254    DEFENDANTS

FILING FEE PAID    Yes    No

IFP MOTION FILED    Yes    No

COPIES SENT TO    Court    Press

FILED
2008 JAN 16  PM 4: 53

Brown, et al
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED    Imperial
PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

DEPUTY

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Raynard Vallery
2302 Brown Road
Imperial, CA 92251
E-32831

ATTORNEYS (IF KNOWN)

'08 CV 0095 DMS RBB

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
   (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - | of Property 21 USCR81 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    DEMAND $    Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE    Docket Number

DATE    January 16, 2008

SIGNATURE OF ATTORNEY OF RECORD
R Miller