1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  RAYNARD VALLERY,                    )  Civil No. 08cv00095 DMS(RBB)
                                        )
12              Plaintiff,              )  **ORDER DENYING PLAINTIFF'S**
                                        )  **MOTION FOR APPOINTMENT OF**
13                                      )  **COUNSEL [ECF NO. 65]**
    v.                                  )
14                                      )
                                        )
15  J. BROWN, et al.,                   )
                                        )
16              Defendants.             )
    _____)

17

18      Plaintiff Raynard Vallery, a state prisoner proceeding pro se

19  and in forma pauperis, filed a Complaint on January 16, 2008, and a

20  First Amended Complaint on June 25, 2008, pursuant to 42 U.S.C.A. §

21  1983 [ECF Nos. 1, 5].  Defendants Allen, Bell, Bourland, Dee, and

22  Stratton filed a Motion to Dismiss and Strike Plaintiff's First

23  Amended Complaint on November 19, 2008; at the time of the

24  Defendants' Motion, Defendant Brown had not been served, and he

25  subsequently filed a separate Motion to Dismiss [ECF Nos. 15, 33-

26  35].  This Court recommended that the Motion to Dismiss and Strike

27  be granted in part and denied in part, and the district court

28  adopted the recommendation [ECF Nos. 32, 45].

                                1

On October 21, 2009, Vallery filed a Second Amended Complaint against Defendants Dee, Bell, Bourland, Stratton, Brown, and unknown mailroom employees at Calipatria State Prison ("Calipatria") [ECF No. 47].[1]  There, Vallery purports to state causes of action arising under the First, Fourth, and Eighth Amendments as well as the Due Process Clause, the Equal Protection Clause, and the Director's Rule.  (Second Am. Compl. 12-15, ECF No. 47 (citing Cal. Code Regs. tit. 15, § 3401(c)).)

Defendants Dee, Bell, Bourland, Stratton, and Brown moved to dismiss Vallery's equal protection and Director's Rule allegations in the Second Amended Complaint for failure to state a claim. (Mot. Dismiss Pl.'s Second Am. Compl. 1-2, ECF No. 48.)  The Director's Rule assertions against Defendants Dee, Bell, Bourland, Stratton, and Brown were dismissed with prejudice, but the equal protection claims against all of these Defendants were dismissed without prejudice.  (Order Adopting Report & Recommendation 2, ECF No. 55; see Report & Recommendation 24, ECF No. 50.)  United States District Judge Dana M. Sabraw gave Plaintiff leave to file a third amended complaint by October 1, 2010, but Vallery did not do so. (See Order Adopting Report & Recommendation 2, ECF No. 55.)  On October 15, 2010, Defendants Bell, Bourland, Brown, Dee, and Stratton filed an Answer to the remaining claims alleged in the Second Amended Complaint [ECF No. 56].

The Plaintiff filed this Motion for Appointment of Counsel on April 1, 2011 [ECF No. 65].  In support of his request for the appointment of counsel, Vallery asserts the following:  (1) He is

---

[1]  The Court will cite to the Second Amended Complaint using the page numbers assigned by the Court's electronic filing system.

unable to afford an attorney; (2) Plaintiff's imprisonment limits his ability to litigate; (3) the issues in this case require significant investigation and research; (4) Vallery has limited access to the law library and knowledge of the law; (5) he needs assistance with investigating current and former Calipatria employees who are defendants, witnesses, or victims; (6) an attorney would be able to hire investigators and expert witnesses; (7) a trial will likely involve conflicting testimony, and counsel would assist Vallery in presenting evidence and cross-examining witnesses; (8) Plaintiff has had difficulty mailing confidential legal mail from Calipatria and Centinela prisons as well as maintaining possession of his legal materials in Centinela State Prison ("Centinela"); (9) counsel would help protect Vallery's interests during his deposition; and (10) the Plaintiff has attempted to secure counsel but was unsuccessful.  (Mot. Appointment Counsel 2-4, ECF No. 65.)

"The court may request an attorney to represent any person unable to afford counsel."  28 U.S.C.A. § 1915(e)(1) (West 2006).  But "it is well-established that there is generally no constitutional right to counsel in civil cases."  United States v. Sardone, 94 F.3d 1233, 1236 (9th Cir. 1996) (citations omitted).  There is also no constitutional right to appointed counsel to pursue a § 1983 claim.  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); accord Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998).  Federal courts do not have the authority "to make coercive appointments of counsel."  Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989) (discussing § 1915(d)); see also United

1  States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir.

2  1995).

3       Nevertheless, district courts have discretion, pursuant to 28

4  U.S.C.A. § 1915(e)(1), to request attorney representation for

5  indigent civil litigants upon a showing of exceptional

6  circumstances.  See Agyeman v. Corrs. Corp. of Am., 390 F.3d 1101,

7  1103 (9th Cir. 2004) (citing Franklin v. Murphy, 745 F.2d 1221,

8  1236 (9th Cir. 1984)).  "A finding of the exceptional circumstances

9  of the plaintiff seeking assistance requires at least an evaluation

10 of the likelihood of the plaintiff's success on the merits and an

11 evaluation of the plaintiff's ability to articulate his claims 'in

12 light of the complexity of the legal issues involved.'"  Id.

13 (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.

14 1986)).  "'Neither of these factors is dispositive and both must be

15 viewed together before reaching a decision.'"  Terrell v. Brewer,

16 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn, 789 F.2d at

17 1331).

18 A.   **Likelihood of Plaintiff's Success on the Merits**

19      To receive court-appointed counsel, Vallery must present a

20 nonfrivolous claim that is likely to succeed on the merits.

21 Wilborn, 789 F.2d at 1331.  In his Second Amended Complaint,

22 Plaintiff alleges numerous causes of action arising under the

23 Constitution.

24      Vallery is currently a prisoner at Centinela, but the

25 allegations in his Second Amended Complaint stem from events that

26 occurred while he was incarcerated at Calipatria State Prison.

27 (Second Am. Compl. 1, ECF No. 47.)  Vallery claims that on April

28 15, 2004, and again on 17, 2004, he was sexually harassed by

4

Correctional Officer Brown while Brown's superior, Correctional
Sergeant Dee, observed. (<u>Id.</u> at 6-8, 12-13.)  In inmate grievances
and appeals, the Plaintiff contends that Appeals Coordinator Bell,
Warden Bourland, and Correctional Lieutenant Stratton were notified
of prior instances of sexual misconduct by Brown; these three
Defendants were deliberately indifferent to the substantial risk
that Brown would repeat the misconduct against Plaintiff. (<u>Id.</u> at
10-12, 14.)  Vallery further explains that Defendants Stratton and
Bourland failed to have Brown removed from the prison. (<u>Id.</u> at
11.)  Plaintiff claims to have suffered from elevated blood
pressure and depression as a result of Brown's conduct and was
consequently placed on medications. (<u>Id.</u> at 9-10, 14.)  Vallery
believes his equal protection rights were violated when Defendants
did not follow regulations when responding to his complaints, yet
they did adhere to the regulations when dealing with other
prisoners. (<u>Id.</u> at 14-15.)  As a result, the Plaintiff alleges
that Brown violated the Fourth Amendment when he searched Vallery
two times without probable cause and for Brown's sexual
gratification. (<u>Id.</u> at 12.)

     Vallery maintains that unnamed mailroom employees violated his
First Amendment rights by preventing the delivery of his
correspondence to the FBI. (<u>Id.</u> at 14.)  Defendant Dee violated
the Eighth Amendment because she was aware of Brown's misconduct
and did nothing to prevent it, including failing to report it as
required by the Director's Rule. (<u>Id.</u> at 13.)  Vallery contends
that Defendants Bourland, Stratton, Bell, and unnamed mailroom
employees, who were aware of prior complaints against Brown,
violated his Eighth Amendment rights by acting with deliberate

1  indifference to the substantial risk that Brown would engage in
2  improper conduct.  (Id. at 14.)  Bell, Bourland, and Stratton are
3  also alleged to have violated the Director's Rule  (Id. at 15.)
4  According to Plaintiff, Defendant Brown violated Plaintiff's due
5  process rights by failing to comply with portions of the Director's
6  Rule that require correctional officers to refrain from sexual
7  abuse and to treat prisoners respectfully.  (Id. at 12-13.)
8  Finally, Vallery submits that his equal protection rights were
9  violated.  (Id. at 14-15.)

10      As discussed above, Plaintiff's Director's Rule allegations
11  against Defendants Dee, Bell, Bourland, Stratton, and Brown were
12  dismissed with prejudice.  (Order Adopting Report & Recommendation
13  2, ECF No. 55; see Report & Recommendation 24, ECF No. 50.)
14  Vallery's equal protection contentions against these five
15  Defendants were dismissed without prejudice.  (Order Adopting
16  Report & Recommendation 2, Aug. 27, 2010, ECF No. 55; see Report &
17  Recommendation 24, Apr. 12, 2010, ECF No. 50.)  The Plaintiff did
18  not file a third amended complaint.  Accordingly, only his
19  allegations arising under the First, Fourth, and Eighth Amendments
20  remain.

21      "[A] prison inmate retains those first amendment rights that
22  are not inconsistent with his status as a prisoner or with the
23  legitimate penological objectives of the corrections system."  Pell
24  v. Procunier, 417 U.S. 817, 822 (1974).  Prisoners' First Amendment
25  rights include the right to free speech and to petition the
26  government.  Bradley v. Hall, 64 F.3d 1276, 1278-79 (9th Cir.
27  1995); see also Sandin v. Conner, 515 U.S. 472, 487 n.11 (1995).
28  Nevertheless, "the constitutional rights that prisoners possess are

6

more limited in scope than the constitutional rights held by individuals in society at large." Shaw v. Murphy, 532 U.S. 223, 229 (2001). Prison officials who deliberately deny an inmate access to a legitimate means to petition for redress of grievances may violate the prisoner's right to access to the courts. See Lewis v. Casey, 518 U.S. 342, 353-55 (1996); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989) ("The right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances.").

The Fourth Amendment protects against unreasonable searches, and its protections extends to prisoners. Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988); see Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1977). "[T]he reasonableness of a particular search is determined by reference to the prison context." Michenfelder, 860 F.2d at 332. "Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." Bell v. Wolfish, 441 U.S. 520, 559 (1979). Inmates' legitimate expectations of bodily privacy from persons of the same or opposite sex are extremely limited. Jordan v. Garner, 986 F.2d 1521, 1524 (9th Cir. 1993); Grummett v. Rushen, 779 F.2d 491, 495-96 (9th Cir. 1985); see Michenfelder, 860 F.2d 328.

The Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'" Helling v. McKinney, 509 U.S. 25, 33 (1993) (quoting Deshaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 200 (1989)). Therefore, under the Eighth Amendment, a plaintiff has a right to

7

1  be protected from harm while in custody.  Farmer v. Brennan, 511

2  U.S. 825, 833 (1994); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

3  2000); Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir.

4  1989).  A sexual assault on an inmate by a guard is "deeply

5  offensive to human dignity."  Schwenk v. Hartford, 204 F.3d 1187,

6  1197 (9th Cir 2000).  A plaintiff must show that the defendants

7  acted with deliberate indifference to a substantial risk of serious

8  harm to the prisoner's safety.  Farmer, 511 U.S. at 834; see Wallis

9  v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995); Madrid v. Gomez,

10 889 F. Supp 1146, 1267-68 (N.D. Cal. 1995).  The purported

11 violation must be objectively "sufficiently serious."  Farmer, 511

12 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

13 Also, the prison official must subjectively "know of and disregard

14 an excessive risk to inmate health or safety."  Id. at 837.

15      Although Plaintiff's allegations may be sufficient to state a

16 claim for relief, there is insufficient information before the

17 Court to conclude that Vallery is likely to succeed on the merits.

18 See Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993).

19 **B.   Plaintiff's Ability To Proceed Without Counsel**

20      To be entitled to appointed counsel, Vallery must also show he

21 is unable to effectively litigate the case pro se in light of the

22 complexity of the issues involved.  See Wilborn, 789 F.2d at 1331.

23 Courts have required that "indigent plaintiffs make a reasonably

24 diligent effort to secure counsel as a prerequisite to the court's

25 appointing counsel for them."  Bailey, 835 F. Supp. at 552.

26      Here, Vallery states he has made efforts to secure counsel,

27 and he attaches to his Motion letters from two attorneys stating

28 that they cannot represent him.  (Mot. Appointment Counsel 4-5, ECF

No. 65.)  Plaintiff has made a reasonably diligent effort to secure counsel prior to seeking an order appointing counsel.  Vallery further contends he is unable to afford an attorney and that he has already been granted in forma pauperis status.  (<u>Id.</u> at 2.)  This argument is not sufficient because indigence alone does not entitle a plaintiff to appointed counsel.

Plaintiff raises other grounds for the appointment of counsel. He asserts that his imprisonment will limit his ability to litigate.  (<u>Id.</u> at 2.)  He describes the issues involved in the case as complex and requiring significant research.  (<u>Id.</u>)  Vallery also argues that he has limited access to the law library and limited knowledge of the law.  (<u>Id</u>.)  He alleges a need for an attorney to assist him in coordinating the investigation of current and former Calipatria employees who are defendants, witnesses, or victims.  (<u>Id.</u>)  Further, a lawyer understands court rules and procedures and would be able to hire investigators and expert witnesses.  (<u>Id.</u>)  Plaintiff complains that an attorney would also help him present evidence and cross-examine witnesses at trial due to the likelihood of conflicting testimony.  (<u>Id.</u>)  Moreover, he has experienced difficulty mailing confidential legal mail from Calipatria and Centinela prisons as well as maintaining possession of his legal materials while in Centinela.  (<u>Id.</u> at 2-3.)  Finally, Vallery explains that counsel would assist Plaintiff in protecting his interests during his deposition.  (<u>Id.</u> at 3.)  Based on these facts, Vallery requests a court-appointed attorney.

Although Plaintiff asserts that his access to legal materials is limited, he has not demonstrated that he is being denied "reasonable" access.  See <u>Lindquist v. Idaho State Bd. of Corrs.</u>,

776 F.2d 851, 858 (9th Cir. 1985).  "[T]he Constitution does not guarantee a prisoner unlimited access to a law library.  Prison officials of necessity must regulate the time, manner, and place in which library facilities are used."  Id. (citation omitted).  Despite his purported frustrations in sending and maintaining his legal mail, Vallery has effectively pursued his claims although he is subjected to burdens experienced by many pro se plaintiffs.

Factual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances.  See Rand, 113 F.3d at 1525 (holding that while the appellant might have fared better with counsel during discovery and in securing expert testimony, this is not the test).  Seeking an attorney to investigate Calipatria employees and to hire expert witnesses is similarly insufficient.  Most actions require the development of additional facts during the litigation, and a pro se plaintiff is typically not in the position to easily investigate the facts needed; without more, counsel may not be appointed on this basis.  See Wilborn, 789 F.2d at 1131 (footnote omitted).  A court-appointed lawyer is also not required for his or her knowledge of court rules or to assist Vallery in depositions.  "[A]ny pro se litigant certainly would be better served with the assistance of counsel."  Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("[A] pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.").  Plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions."  Rand, 113 F.3d at 1525.  Vallery has

1   not demonstrated anything in the record that makes this case

2   "exceptional" or the issues in it particularly complex.

3        Moreover, Plaintiff's Second Amended Complaint is adequate in

4   form.  Vallery was able to amend his Complaint twice, seek numerous

5   extensions of time to respond to various deadlines, oppose two

6   Motions to Dismiss, ask that the Court assist him in serving

7   Defendant Brown, request the appointment of counsel, and file two

8   discovery motions.  (ECF Nos. 1, 5, 17, 20, 22, 41, 44, 47, 49, 65,

9   67, 69); see Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)

10  (finding the district court did not abuse its discretion in denying

11  plaintiff counsel, in part because plaintiff adequately filed a

12  complaint and other pre-trial materials).

13       The "exceptional circumstances" required for appointment of

14  counsel pursuant to 28 U.S.C.A. § 1915(e)(1) are absent.  Because

15  Plaintiff has failed to demonstrate either a likelihood of success

16  on the merits or an inability to represent himself beyond the

17  ordinary burdens encountered by pro se prisoners, Vallery's Motion

18  for Appointment of Counsel is **DENIED** without prejudice.

19       **IT IS SO ORDERED.**

20

21  DATE:  June 23, 2011

22                                   _____
                                     RUBEN B. BROOKS
                                     United States Magistrate Judge

23  cc:  Judge Sabraw
         All Parties of Record

24

25

26

27

28