UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD VALLERY,<br><br>                Plaintiff,<br><br>v.<br><br>J. BROWN, et al.,<br><br>                Defendants. | )  Civil No. 08cv00095 DMS(RBB)<br>)<br>)  **ORDER GRANTING IN PART AND**<br>)  **DENYING IN PART PLAINTIFF'S**<br>)  **MOTION TO COMPEL DISCLOSURE**<br>)  **AND COOPERATION IN DISCOVERY**<br>)  **[ECF NO. 69]**<br>)<br>)<br>)<br>) |

        Plaintiff Raynard Vallery, a California prisoner proceeding

pro se and in forma pauperis, filed an action under 42 U.S.C. §

1983 [ECF Nos. 1, 5, 47], which now proceeds against named

Defendants Bell, Bourland, Brown, Dee, and Stratton for First,

Fourth, and Eighth Amendment violations.[1]  The allegations in

Vallery's Second Amended Complaint surround Correctional Officer

Brown's purported sexual assault of Plaintiff at Calipatria State

Prison ("Calipatria"), as well as the other prison officials'

endorsement of officer Brown's misconduct.  (See Second Am. Compl.

---

        [1]  These Defendants have successfully moved to dismiss several
causes of action over the course of the litigation [ECF Nos. 15,
32, 45, 48, 50, 55].

10-12, 14, ECF No. 47.)[2]  Since Defendants Bell, Bourland, Brown, Dee, and Stratton filed an Answer [ECF No. 56], the parties have commenced discovery and have several disputes [ECF Nos. 67, 69, 81].

This Motion to Compel Disclosure and Cooperation in Discovery was filed nunc pro tunc to May 25, 2011 [ECF No. 69].  The Plaintiff seeks further responses to his requests for production of documents, requests for admissions, and interrogatories.  (Mot. Compel 4, 15, 24, ECF No. 69.)  Defendants' Opposition to Plaintiff's Motion to Compel Disclosure and Cooperation in Discovery was filed on July 19, 2011, along with the Declaration of John P. Walters and exhibits [ECF No. 86].  In addition to raising substantive objections, Defendants Bell, Bourland, Brown, Dee, and Stratton argue that the Motion should be denied because it is untimely, and it seeks responses to discovery that was untimely served.  (See Opp'n Mot. Compel 2-8, ECF No. 86.)  On August 26, 2011, Plaintiff's Reply to Defendants' Opposition to Motion to Compel was filed [ECF No. 94].

The Court finds the Motion to Compel suitable for resolution on the papers, pursuant to Civil Local Rule 7.1.  See S.D. Cal. Civ. R. 7.1(d)(1).  The Court has reviewed Vallery's Motion, the Defendants' Opposition, and Plaintiff's Reply.  For the reasons stated below, Plaintiff's Motion to Compel Disclosure and Cooperation in Discovery is **GRANTED in part** and **DENIED in part**.

//

//

---

[2]  Because the Second Amended Complaint is not consecutively paginated, the Court will cite to it using the page numbers assigned by the Court's electronic case filing system.

# I.

## FACTUAL BACKGROUND

The allegations in the Second Amended Complaint surround events that occurred while Vallery was housed at Calipatria. (Second Am. Compl. 1, ECF No. 47.)  The Plaintiff contends that on April 15 and 17, 2004, Correctional Officer Brown sexually assaulted Vallery by improperly searching him while Brown's superior, Correctional Sergeant Dee, observed.  (Id. at 6-8, 12-13.)

Vallery argues that Defendant Brown violated the Fourth and Eighth Amendments when he improperly searched Plaintiff for sexual gratification.  (Id. at 12.)  Defendant Dee is alleged to have violated the Eighth Amendment because she was aware of Brown's misconduct but did nothing to prevent it.  (Id.)  The Plaintiff asserts that Warden Bourland, Correctional Lieutenant Stratton, and Appeals Coordinator Bell violated his Eighth Amendment rights by acting with deliberate indifference to the risk that Brown would assault Vallery.  (See id. at 10-12, 14.)  Finally, Plaintiff maintains that unnamed mailroom employees violated the First Amendment by preventing the delivery of Plaintiff's letter to the FBI.  (Id. at 14.)  The mailroom workers also violated the Eighth Amendment by their "actions which resulted from deliberate indifference."  (Id.)

# II.

## LEGAL STANDARDS

It is well established that a party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense.  Fed. R. Civ. P. 26(b)(1).  Relevant information need not

3

1  be admissible at trial so long as the discovery appears to be

2  reasonably calculated to lead to the discovery of admissible

3  evidence.   Id.   Relevance is construed broadly to include any

4  matter that bears on, or reasonably could lead to other matter that

5  could bear on, any issue that may be in the case.   Oppenheimer

6  Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v.

7  Taylor, 329 U.S. 495, 501 (1947)) (footnote omitted).   Rule 37 of

8  the Federal Rules of Civil Procedure enables the propounding party

9  to bring a motion to compel responses to discovery.   Fed. R. Civ.

10  P. 37(a)(3)(B).   The party opposing discovery bears the burden of

11  resisting disclosure.   Miller v. Pancucci, 141 F.R.D. 292, 299

12  (C.D. Cal. 1992).

13      "In general, pro se representation does not excuse a party

14  from complying with a court's orders and with the Federal Rules of

15  Civil Procedure."   Fingerhut Corp. v. Ackra Direct Mktg. Corp.,  86

16  F.3d 852, 856-57 (8th Cir. 1996) (citing Jones v. Phipps, 39 F.3d

17  158, 163 (7th Cir. 1994); Anderson v. Home Ins. Co., 724 F.2d 82,

18  84 (8th Cir. 1983)).   Above all, plaintiffs who choose to represent

19  themselves must abide by the rules of the court in which they

20  litigate.   Carter v. Comm'r, 784 F.2d 1006, 1008-09 (9th Cir.

21  1986); see also Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir.

22  2007) (discussing the pro se litigant's violation of local rules).

23  "[W]hile pro se litigants may be entitled to some latitude when

24  dealing with sophisticated legal issues, acknowledging their lack

25  of formal training, there is no cause for extending this margin to

26  straightforward procedural requirements that a layperson can

27  comprehend as easily as a lawyer."   Jourdan v. Jabe, 951 F.2d 108,

28  109 (6th Cir. 1991); Cone v. Rainbow Play Sys., No. CIV 06-4128,

4

08cv00095 DMS(RBB)

2008 U.S. Dist. LEXIS 17489, at *4 (D.S.D. Mar. 5, 2008)

(explaining that pro se litigants must follow procedural rules).

### III.

### DISCUSSION

**A.    Requests for Production of Documents**

A portion of the relief Vallery seeks in this Motion to Compel responses to his document requests duplicates the relief he sought his Motion for Order of Disclosure and In Camera Review. (Compare Mot. Compel 4-12, ECF No. 69, with Mot. Order Disclosure 1-2, ECF No. 67.)  The Court issued a separate ruling on the requests for production of documents to which Vallery sought responses in his separate Motion for Order of Disclosure [ECF No. 102].  When analyzing this Motion to Compel, the Court will only consider the document requests that it has not already addressed. At issue in this Motion, then, are Vallery's requests for production of documents 32 and 33 in set one, and requests 2, 3, and 4 in set two.

**1.    Request for Production of Documents 32:  Set One**

Vallery asks the Defendants to produce "[t]he full names (first, middle, last) of each member of the Calipatria Prison mailroom in July of 2004." (Opp'n Mot. Compel Attach. #2 Ex. A, at 10, ECF No. 86.)[3]  Defendants object that the request is improper because it asks them to create a list as opposed to produce documents already in existence.  (Id.; see also Opp'n Mot. Compel 2, ECF No. 86.)  In response, Vallery maintains that request 32 solicits already-generated records reflecting the names of the

---

[3]  Both Plaintiff and Defendants include with their briefs copies of the discovery at issue.  The Court will reference both papers when citing to the discovery requests and responses.

1  mailroom employees employed in July 2004 and does not require
2  Defendants to create a list or answer an interrogatory.  (Mot.
3  Compel 12-13, ECF No. 69; Reply Mot. Compel 2, ECF No. 94.)

4       A party may serve on another party a request to produce any
5  designated documents that are in the responding party's possession,
6  custody, or control.  Fed. R. Civ. P. 34(a)(1).  Nonetheless, a
7  party is not required to prepare new documents solely for their own
8  production.  Alexander v. FBI, 194 F.R.D. 305, 310 (D.C. Cir.
9  2000).  "Therefore, Rule 34 only requires a party to produce
10 documents that are already in existence."  Id.

11      Defendants maintain that they must create a list of names of
12 the Calipatria mailroom employees in order to respond to the
13 document request.  (See Opp'n Mot. Compel 2, ECF No. 86.)  If there
14 are no documents that identify individuals working in the
15 Calipatria Prison mailroom in July of 2004, a request for
16 production of documents is not the proper vehicle for obtaining the
17 information.  See Alexander, 194 F.R.D. at 310 (denying plaintiffs'
18 request to compel a list of people whose background summaries were
19 requested by the White House because there was no evidence that the
20 Executive Office of the President possessed such a list); Goolsby
21 v. Carrasco, No. 1:09-cv-01650 JLT(PC), 2011 U.S. Dist. LEXIS
22 71627, at *20-21 (E.D. Cal. July 5, 2011) (finding that a document
23 request asking for the names of employees who supervised the prison
24 cage yard is not a proper request under Federal Rule of Civil
25 Procedure 34(a)); Robinson v. Adams, No. 1:08-cv-01380-AWI-SMS PC,
26 2011 U.S. Dist. LEXIS 60370, at *53 (E.D. Cal. May 27, 2011)
27 (denying plaintiff's motion to compel responses to a document
28 request seeking the names of prison employees working in building

6

1  two during a certain time period because the request did not seek

2  an identifiable document).

3      Defendants are correct that they are not required to create a

4  list of employees in response to a request for documents.

5  Nevertheless, to the extent that there are any documents in

6  Defendants' custody, control, or possession that identify one or

7  more individuals who worked in the Calipatria Prison mailroom in

8  July of 2004, the documents should be produced.  Otherwise,

9  Vallery's Motion to Compel a response to request 32 is **DENIED**.

10     **2.   Request for Production of Documents 33:  Set One**

11     Next, the Plaintiff requests documents involving any state

12 tort claims actions and § 1983 civil rights actions that have been

13 filed against each Defendant.  (Opp'n Mot. Compel Attach. #2 Ex. A,

14 at 10, ECF No. 86.)  The Defendants object because Plaintiff asks

15 for public records that are equally available to him and because

16 the request is overly broad.  (Id.)  Vallery limits the scope of

17 request 33 to include only actions for conduct of the sort alleged

18 in the Second Amended Complaint; Plaintiff narrowed this request on

19 February 9, 2011, yet the Defendants ignore the modification

20 altogether.  (Mot. Compel 13, 35, 39, ECF No. 69.)  He contends

21 that he lacks access to the documents because he is indigent and

22 incarcerated.  (Id. at 13.)  Also, Vallery represents that

23 Defendants refuse to provide him with identifying information that

24 would help him find such records.  (Id.)

25     **a.   Overbreadth**

26     Despite Plaintiff's narrowing of the request to actions for

27 conduct similar to that alleged in this lawsuit, the Defendants

28 continue to argue that request 33 seeks irrelevant information

1  because it seeks information about unrelated claims.  (Opp'n Mot.

2  Compel 2, ECF No. 86.)  This objection is **OVERRULED**.

3       The Defendants further object that the request is overly broad

4  because it seeks attorney notes, deposition transcripts, court

5  files, and other documents.  (Id.)  Plaintiff clarifies the scope

6  in his Reply, in which he seeks "deposition testimony, admissions,

7  and interrogatory responses from Defendants, Plaintiff's and

8  witnesses."  (Reply Mot. Compel 2, ECF No. 94.)  Defendants'

9  overbreadth objection is **OVERRULED** for documents relating to

10  discovery generated during litigation.

11            **b.   Equal access**

12       Defendants also assert that Plaintiff has equal access to the

13  material sought because lawsuits are matters of public record.

14  (Id.)  "A court may refuse to order production of documents of

15  public record that are equally accessible to all parties."  7 James

16  Wm. Moore, et al., Moore's Federal Practice, § 34.12[5][b], at 34-

17  53 (3d ed. 2011) (footnote omitted).  "However, production from the

18  adverse party may be ordered when it would be excessively

19  burdensome . . . for the requesting party to obtain the documents

20  from the public source rather than from the opposing party."  Id.

21  (footnote omitted).

22       Vallery expressly states that he has inadequate access because

23  his custody prevents him from obtaining the records on his own, and

24  Defendants do not challenge his contention.  (Mot. Compel 13, ECF

25  No. 69); see Lal v. Felker, No. CIV S-07-2060 GEB EFB P, 2010 U.S.

26  Dist. LEXIS 21046, at *9-10 (E.D. Cal. Feb. 10, 2010) (granting

27  plaintiff's motion to compel records contained in his central and

28  medical files because defendants do not rebut plaintiff's assertion

1  that he has inadequate access to the files).  The Plaintiff argues

2  that "Defendants refuse to disclose identifying information which

3  might enable Plaintiff to obtain said court documents."  (Mot.

4  Compel 13, ECF No. 69.)  There is contrary authority.  <u>See</u>

5  <u>Robinson</u>, 2011 U.S. Dist. LEXIS 60370, at *43-44 (denying pro se

6  incarcerated plaintiff's motion to compel complaints and case

7  numbers of lawsuits filed against defendants for the same conduct,

8  and noting that plaintiff could retain someone to retrieve the

9  records where the defendants were not in possession, custody, or

10 control of responsive documents).  If Defendants assert that they

11 have documents that are protected from disclosure because of the

12 attorney-client privilege, attorney work product doctrine, or

13 court-imposed protective order, the Defendants shall compile a

14 privilege log identifying those documents, the privilege claimed,

15 and sufficient facts for the Court to determine the basis of the

16 privilege claim.  <u>See</u> <u>Perry v. Schwarzenegger</u>, 591 F.3d 1147, 1153

17 (9th Cir. 2010) (amended); Fed. R. Civ. P. 26(b)(5)(A)(ii).

18     Vallery's Motion to Compel production of documents in response

19 to request 33 is **GRANTED**, except to the extent that nonprivileged

20 documents are not in Defendants' custody, possession, or control.

21 For those items, Plaintiff should attempt to obtain the publicly

22 filed court documents himself.

23     **3.   Requests for Production of Documents 2, 3, and 4:  Set**

24         **Two**

25     Vallery asks for documents identifying the names of the

26 correctional officers assigned to Calipatria's C-Facility kitchen

27 during the period between April and December 2004.  (Opp'n Mot.

28 Compel Attach. #2 Ex. B, at 17-18, ECF No. 86.)  Among other

objections, Defendants argue that the requests violate the Court's scheduling order because they were served after the March 21, 2011 deadline. (<u>Id.</u>)  In response, Vallery acknowledges the deadline but insists that it only applies to interrogatories, not requests for production of documents. (Reply Mot. Compel 3, ECF No. 94.)

On March 28, 2011, Plaintiff served his second set of document requests on defense counsel, and counsel served Defendants' responses on April 27, 2011. (Opp'n Mot. Compel Attach. #1 Decl. Walters 2, ECF No. 86.)[4]  This Court's Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings provides, "All interrogatories and document production requests must be served by <u>March 21, 2011</u>." (Case Management Conference Order 1-2, ECF No. 61.)  Vallery's second set of requests for production of documents was served one week beyond the Court-imposed deadline, and Plaintiff does not address the untimeliness. (<u>See</u> <u>id.</u>; Mot. Compel 13-14, ECF No. 69.)

Despite his pro se status, Vallery is not entitled to any latitude for the untimeliness.  <u>See</u> <u>Fingerhut Corp.</u>, 86 F.3d at 856-57 (stating that pro se representation does not excuse a litigant from complying with court orders); <u>Jourdan</u>, 951 F.2d at 109 (explaining that although courts should liberally construe pro se plaintiffs' legal arguments, courts should strictly construe

_____

[4]  The date Vallery submitted the requests to prison authorities constitutes the date Defendants were served.  <u>See</u> <u>Schroeder v. McDonald</u>, 55 F.3d 454, 459 (9th Cir. 1995) (quotation and citations omitted); <u>see also</u> <u>Faile v. Upjohn Co.</u>, 988 F.2d 985, 986, 988 (9th Cir. 1993), <u>overruled on other grounds</u>, <u>McDowell v. Calderon</u>, 197 F.3d 1253 (9th Cir. 1999) (finding that an incarcerated § 1983 pro se plaintiff served his discovery responses at the time he submitted them to prison authorities for forwarding to the party being served).

their compliance with procedural requirements); see also Carter,

784 F.2d at 1008-09 (noting that pro se plaintiffs must follow the

rules of the court).  Accordingly, Plaintiff's Motion to Compel

responses to the second set of documents requests is **DENIED** as

untimely.

**B.   Requests for Admissions**

The Defendants argue that Vallery's Motion to Compel responses

to the requests for admissions should be denied on timeliness

grounds as well as on the merits.  (See Opp'n Mot. Compel 3-6, ECF

No. 86.)

**1.   Timeliness**

Defendants Bell, Bourland, Brown, Dee, and Stratton argue that

this Motion is untimely because it was filed nearly six months

after Defendants' responses were served.  (Id. at 3.)  The requests

for admissions were served on December 21, 2010, and Defendants

provided responses between January 6 to 20, 2011.  (Id. Attach. #1

Decl. Walters 2.)  After exchanging several letters in an attempt

to meet and confer, Plaintiff then served amended requests for

admissions on April 3, 2011.  (Id.)  According to Defendants, the

amended requests are identical to the original requests; defense

counsel notified Vallery of the error on April 25, 2011, and

Defendants did not respond to the amended requests.  (Opp'n Mot.

Compel 3, ECF No. 86; id. Attach. #1 Decl. Walters 3.)  Because any

motion to compel must be filed within thirty days of service of the

response, and Plaintiff has not served any additional requests for

admission, the Motion to Compel is untimely by almost 180 days.[5]

---

[5]  Because Plaintiff's Motion to Compel was filed nunc pro
tunc to May 25, 2011, it is unclear how the Defendants calculate a
180-day delay based on the record before the Court.  (See Mot.

1  (<u>Id.</u> Attach. #1 Decl. Walters 3-4 (citing Case Management

2  Conference Order 1-2, ECF No. 61).)

3        In his Reply, Vallery insists that his April 3, 2011 amended

4  requests for admissions differ from the original requests because

5  they contain additional admissions marked, "AMENDED." (Reply Mot.

6  Compel 3-4, ECF No. 94.) "Defendants' erroneous notification of

7  error, served April 25, 2011, constitutes their response to the

8  amended request." (<u>Id.</u> at 4.)  Plaintiff urges that any motion to

9  compel would be due thirty days later, and his May 25, 2011 Motion

10 is therefore timely.  (<u>Id.</u>)  Furthermore, Plaintiff explains that

11 the parties were attempting to meet and confer during the time

12 between Defendants' January 20, 2011 response and the April 3, 2011

13 amended requests.  (<u>Id.</u>)

14              **a.   Defendants Brown, Bell, Bourland, and Stratton**

15       Plaintiff asks for an order compelling Brown to respond to

16 requests for admissions 6, 8, and 12, Bell to respond to requests 4

17 and 7, Bourland to respond to request 5, and Stratton to answer

18 requests 4 and 5.  (Mot. Compel 16-18, 21-23, ECF No. 69.)

19       This Court issued an order regulating discovery, which

20 provides as follows:

21            All discovery shall be completed by all parties on
             or before <u>May 23, 2011</u>; this includes discovery ordered
22           as a result of a discovery motion.  All motions for
             discovery shall be filed no later than thirty (30) days
23           following the date upon which the event giving rise to
             the discovery dispute occurred.  For oral discovery, the
24           event giving rise to the dispute is the completion of the
             transcript of the affected portion of the deposition.
25           For written discovery, the event giving rise to the
             discovery dispute is the service of the response.

26

27

28 ─────────────────────────

Compel 1, ECF No. 69.)

1  (Case Management Conference Order 1-2, ECF No. 61.)  Although the
2  Defendants recently requested that the scheduling order be
3  modified, the discovery-related deadlines that had already elapsed
4  were unaffected [ECF Nos. 97, 101].

5       Vallery's Motion to Compel is untimely as to these Defendants
6  on two grounds.  First, the Motion to Compel was filed nunc pro
7  tunc to May 25, 2011, which is two days beyond the May 23, 2011
8  discovery cutoff date outlined in the Court's Case Management
9  Order.  Second, Plaintiff's Motion was filed more than thirty days
10 following the service of Defendants' responses to the requests for
11 admissions.  Defendants Brown, Bell, Bourland, and Stratton served
12 their responses to Vallery's initial requests for admissions on
13 January 6 (Brown and Bourland), 10 (Stratton), and 20 (Bell), 2011.
14 (Opp'n Mot. Compel Attach. #1 Decl. Walters 2, ECF No. 86.)  At the
15 very latest, Plaintiff had until February 22, 2011, to file a
16 motion, which is thirty days after he received the last response
17 from Bell on January 20, 2011.  See Fed. R. Civ. P. 6(a)(1)
18 (stating that when computing time, if the last day is a weekend or
19 legal holiday, the period continues to run until the next day);
20 S.D. Cal. Civ. R. 7.1(c) (adopting the provisions of Federal Rule
21 of Civil Procedure 6).  On February 9, 2011, the deadline for
22 moving to compel Responses from Defendants Brown and Bourland, and
23 three days before the deadline to compel from Defendant Stratton,
24 Plaintiff sent defense counsel a "Reply to Defendants' Response to
25 Request for Admissions" in an attempt to meet and confer; Vallery
26 did not receive a response until March 18, 2011.  (Mot. Compel 40-
27
28

49, ECF No. 69; Opp'n Mot. Compel Attach. #1 Decl. Walters 2-3, ECF No. 86.)[6]

Although the Plaintiff properly attempted to confer with defense counsel prior to filing a motion to compel, his attempt was late, and any delay by counsel in responding does not suspend the thirty-day time limit for filing motions to compel. See S.D. Cal. R. 26.1(a); In re Miles, No. C 10-4725 SBA, 2011 U.S. Dist. LEXIS 97371, at *4 (N.D. Cal. Aug. 30, 2011) ("Self-representation is not an excuse for non-compliance with court rules.")  Vallery could have filed a motion before the various February 2011 deadlines and explained his attempt to comply with the meet and confer requirement. See S.D. Cal. R. 26.1(b); Carter, 784 F.2d at 1008-09 ("Although pro se, he is expected to abide by the rules of the court in which he litigates.").  Plaintiff also could have sought to extend the thirty-day deadline for filing a motion to compel so that the parties could adequately confer.

Instead, Vallery allowed the various February 2011 deadlines to elapse while he awaited for a letter from defense counsel, which did not arrive until March 18, 2011; Plaintiff responded to defense counsel's letter on March 30, 2011.  (Opp'n Mot. Compel Attach. #1 Decl. Walters 2-3, ECF No. 86.)  Vallery then served amended requests for admissions as well as another meet and confer letter

---

[6]   The proof of service for the letter was dated February 9, 2011, yet defense counsel submits that he did not receive it until March 14, 2011.  (Mot. Compel 49, ECF No. 69; Opp'n Mot. Compel Attach. #1 Decl. Walters 2, ECF No. 86.)  Counsel claims that the letter was mailed from the prison on February 9, but was returned to the prison due to postage issues before it was mailed again. (Mot. Compel 55, ECF No. 69.)  The Court treats Vallery's February 9, 2011 declaration of service by mail as the date he gave the discovery reply to prison authorities and therefore served Defendants.  See Faile, 988 F.2d at 986, 988.

14

1   to Defendants on April 3, 2011. (Id. at 3; see id. Attach. #4 Ex.

2   H, at 62-73; see also Mot. Compel 57-60, ECF No. 69.)  The original

3   requests for admissions to Brown, Bell, Bourland, and Stratton are

4   identical to the requests Plaintiff refers to as his "Amended

5   Requests for Admissions" to Brown, Bell, Bourland, and Stratton.

6   (Compare Opp'n Mot. Compel Attach. #3 Ex. C, at 20-45, ECF No. 86,

7   with id. Attach. #4 Ex. H, at 62-73.)  Plaintiff cannot restate his

8   requests for admissions as "Amended Requests for Admissions" in an

9   attempt to avoid being untimely.

10      Thus, the Motion to Compel responses to the requests for

11   admissions from Brown, Bell, Bourland, and Stratton filed nunc pro

12   tunc to May 25, 2011, was approximately three months late.

13            **b.   Defendant Dee**

14      The Motion to Compel responses from Defendant Dee to requests

15   for admissions 5, 12, 15, and 16 is untimely on the same two

16   grounds. (Mot. Compel 18-21, ECF No. 69.)  First, the Motion was

17   filed beyond the May 23, 2011 discovery cutoff date. (See Case

18   Management Conference Order 1-2, ECF No. 61; Mot. Compel 1, ECF No.

19   69.)  Second, Plaintiff's Motion was filed more than thirty days

20   after the service of Defendant Dee's response. (See Case

21   Management Conference Order 1-2, ECF No. 61.)  Because Dee served

22   her responses to the original requests for admissions on January

23   12, 2011, any motion to compel must have been filed within thirty

24   days, or by February 11, 2011. (Opp'n Mot. Compel Attach. #1 Decl.

25   Walters 2, ECF No. 86).  As outlined above, Vallery sent a meet and

26   confer letter to defense counsel on February 9, 2011, but did not

27   receive a response until March 18, 2011. (Id. at 2-3.)  In the

28   February 9, 2011 letter, Vallery appears to amend request for

admission 17 to Dee by dividing it into requests 17(a) and 17(b). (Mot. Compel 45, ECF No. 69.)

The thirty-day deadline was not suspended while Vallery awaited a response from counsel to Plaintiff's meet and confer letter.  Before the February 11, 2011 deadline, Vallery could have filed a motion to compel describing his attempt to confer with Dee's attorney, or he could have sought to continue the deadline. The Motion to Compel responses from Dee was filed approximately three and one-half months late.

The result is the same even if Plaintiff believed he properly awaited Dee's response to requests 17(a) and 17(b) before seeking Court intervention because Vallery is not moving to compel Dee to respond to request for admission 17.  (See Mot. Compel 18-21, ECF No. 69 (seeking responses from Dee to the original requests for admissions numbers 5, 12, 15, and 16 only).  Furthermore, although Dee amended her response to initial request for admission 8 on March 18, 2011, that request is also not at issue in this Motion to Compel.  (Id.; Opp'n Mot. Compel Attach. #3 Ex. E, at 52, ECF No. 86.)

On April 3, 2011, Plaintiff served Dee amended request 17, and included an additional request 19, to which Dee provided responses. (Opp'n Mot. Compel Attach. #4 Ex. G, at 59-61, ECF No. 86; see id. Ex. H, at 70.)  The amended requests for admissions to Defendant Dee differ from the original requests to Dee.  (Compare Opp'n Mot. Compel Attach. #4 Ex. H, at 68-70, ECF No. 86, with id. Attach #3 Ex. C, at 34-40.)  Even so, Vallery is not seeking answers from Dee to the amended requests for admissions.  (See Mot. Compel 18-21, ECF No. 69.)  For all of these reasons, Plaintiff's Motion to

16

1  Compel Dee to provide further responses to the original requests is

2  also untimely.

3      As discussed above, Vallery's representation that his amended

4  requests for admissions differ from the original requests is

5  without merit. (See Reply 3-4, ECF No. 94.)  Similarly, the Court

6  is not persuaded that Plaintiff's delay is excused by his attempt

7  to meet and confer. (See id.)  Vallery has not established cause

8  for the untimely Motion or provided legitimate reasons for his

9  approximate three-month delay.  The Motion to Compel all five

10 Defendants to respond to the requests for admissions is **DENIED** as

11 untimely.  See Farier v. City of Mesa, 384 F. App'x 683, 684 (9th

12 Cir. 2010) (finding that the district court did not abuse its

13 discretion when denying a motion to compel because it was untimely

14 by more than six months and failed to establish good cause to

15 excuse the delay); see also Cone, 2008 U.S. Dist. LEXIS 17489, at

16 *4 (explaining that plaintiffs who represent themselves are

17 expected to follow all procedural rules).

18 **C.   Interrogatories**

19     Although Plaintiff moves to compel answers to his original

20 interrogatories served February 9, 2011, as well as his amended

21 interrogatories served May 9, 2011,[7] Vallery does not distinguish

22 between the two sets of discovery in the Motion to Compel. (See

---

24     [7]   Defendants' service is determined by the date that
   Plaintiff submitted the interrogatories to prison authorities.  See
25 Schroeder, 55 F.3d at 459 (quoting Faile, 988 F.2d at 988).  The
   proofs of service for the interrogatories and amended
26 interrogatories are dated February 9 and May 8, 2011, respectively.
   (Mot. Compel 76, ECF No. 69; Opp'n Mot. Compel Attach. #1 Decl.
27 Walters 3-4, ECF No. 86.)  Thus, February 9 and May 9, 2011, the
   Monday following Sunday, May 8, 2011, constitute the dates on which
28 the Defendants were served.  Fed. R. Civ. P. 6(a)(1)(C); see S.D.
   Cal. Civ. R. 7.1(c).

1  Mot. Compel 24-31, ECF No. 69; Opp'n Mot. Compel 6, ECF No. 86

2  (clarifying that when Vallery refers to his "5-7-11 Rule 37

3  pleading," he is referring to the amended interrogatories.)

4  Plaintiff also seeks answers to the "additional interrogatories" to

5  Defendant Brown served along with the amended interrogatories on

6  May 9, 2011.  (Mot. Compel 30-31, ECF No. 69.)  The Court will

7  consider the original, amended, and additional interrogatories

8  separately.

9      **1.   Original Interrogatories**

10     Plaintiff asks the Court to order Defendants Dee, Bell,

11 Bourland, and Stratton to respond to interrogatories 16, 10, 9, and

12 8, respectively.  (<u>Id.</u> at 24-31.)  The interrogatories ask whether

13 each Defendant would be willing to take a polygraph examination.

14 (Opp'n Mot. Compel Attach. #4 Ex. I, at 79, 85, 91-92, 108, ECF No.

15 86.)

16     Defendants object that the discovery is argumentative, seeks

17 irrelevant information, and should be excluded under Federal Rule

18 of Evidence 403.  (Opp'n Mot. Compel 6, ECF No. 86.)  Polygraph

19 examination evidence is generally inadmissible, and none of the

20 exceptions apply.  (<u>Id.</u> (citing <u>United States v. Cordoba</u>, 991 F.

21 Supp. 1199, 1200-01 (C.D. Cal. 1998) ("<u>Cordoba II</u>")).)  According

22 to Defendants, the interrogatories are also inadmissible because

23 the probative value is substantially outweighed by prejudicial

24 impact.  (<u>Id.</u> (citing <u>United States v. Benavidez-Benavidez</u>, 217

25 F.3d 720, 725 (9th Cir. 2000)).)

26     Vallery counters that polygraph evidence is admissible if it

27 satisfies the standards regarding the admissibility of expert

28 evidence set forth in Federal Rule of Evidence 702.  (Reply Mot.

18

1   Compel 7-8, ECF No. 94.)   Further, the interrogatories seek
2   relevant information because an unwillingness to take the polygraph
3   test would bear on each Defendant's credibility.   (See Mot. Compel
4   26-27, 29-30, ECF No. 69 (arguing that refusal to take a polygraph
5   would suggest that the Defendant is not being "forthcoming" or has
6   something to hide).)   Plaintiff also maintains that the relevance
7   relating to the Defendants' credibility is "strong," while undue
8   prejudice is "virtually nonexistent."   (Id. at 26 (citing Fed. R.
9   Civ. P. 403).)

10      With the exception of interrogatory 17 to Brown, Vallery
11  expressly moves to compel answers to each interrogatory inquiring
12  about each Defendant's willingness to submit to polygraph
13  examining.   (See id. at 24 (asking Brown to answer interrogatory 6
14  as well as additional interrogatories 18 through 23 served on May
15  9, 2011).)   Yet, in his Reply, Plaintiff urges that interrogatory
16  17 to Brown is not objectionable for the same reasons that the
17  polygraph-related interrogatories to the other Defendants are not
18  objectionable.   (See Reply 8-9, ECF No. 94.)   Although courts
19  should not give pro se plaintiffs latitude in complying with
20  procedural requirements, courts must construe self-represented
21  litigants' pleadings liberally to give them any benefit of the
22  doubt.   Jourdan, 951 F.2d at 109; Karim-Panahi v. Los Angeles
23  Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988).   This rule of
24  liberal construction is "particularly important in civil rights
25  cases."   Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).
26  The Court interprets Vallery's Motion to include interrogatory 17
27  to Defendant Brown, which asks Brown if he would be willing to take
28  a polygraph examination.

1    At issue is whether interrogatories 8, 9, 10, 16, and 17 could

2  reasonably lead to the discovery of admissible evidence.  Fed. R.

3  Civ. P. 26(b)(1).  Ninth Circuit jurisprudence concerning the

4  admissibility of polygraph evidence has been in flux since the

5  Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals,

6  Inc., 509 U.S. 579 (1993).  Prior to Daubert, unstipulated

7  polygraph evidence was per se inadmissible.  Brown v. Darcy, 783

8  F.2d 1389, 1395 (9th Cir. 1986).  Then, in United States v.

9  Cordoba, 104 F.3d 225 (9th Cir. 1997) ("Cordoba I"), the Ninth

10 Circuit acknowledged that although Daubert had implicitly overruled

11 the bright line rule in Brown barring polygraph evidence, such

12 evidence remained suspect.  Cordoba I, 104 F.3d at 228.  Courts

13 must therefore engage in a particularized factual inquiry into the

14 scientific validity of polygraph evidence.  Id. at 228, 230.  On

15 remand, the district court conducted a Daubert hearing and excluded

16 the evidence under Federal Rules of Evidence 702 and 403.  Cordoba

17 II, 991 F. Supp. at 1208.  In United States v. Cordoba, 194 F.3d

18 1053 (9th Cir. 1999) ("Cordoba III"), the Ninth Circuit affirmed

19 the district court's ruling in Cordoba II.  The appellate court

20 recently described its Cordoba decisions as confirming that

21 district courts have wide discretion in excluding polygraph

22 evidence.  Benavidez-Benavidez, 217 F.3d at 724.

23    Although Vallery solicits responses to the interrogatories

24 under Federal Rules of Evidence 702 and 403, district courts are

25 not required to conduct both analyses.  See id. at 724-25.  At this

26 stage in the litigation, neither party has requested a Daubert

27 hearing to determine the scientific validity of the polygraph

28 evidence; as a result, the exclusion of expert testimony under Rule

702 is not appropriate.  See Ramirez-Robles, 386 F.3d at 1245;
Dixon v. City of Coeur D'Alene, No. 2:10-cv-00078-LMB, 2010 U.S.
Dist. LEXIS 124393, at *4 (D. Idaho Nov. 23, 2010).  Consequently,
the Court will consider whether the interrogatories could lead to
the discovery of admissible evidence under Federal Rule of Evidence
403 only.  Dixon, 2010 U.S. Dist. LEXIS 124393, at *4 (analyzing
plaintiff's motion under Rule 403 only because neither party
requested a Daubert hearing); see Ramirez-Robles, 386 F.3d at 1246
("The relevant question is whether the record supports the
exclusion of the evidence under Rule 403."); Benavidez-Benavidez,
217 F.3d at 724-25 (explaining that Rule 403 alone provides courts
with ample opportunity for excluding polygraph evidence).

> **a.   Probative value versus prejudicial effect**

Courts may exclude polygraph evidence under Rule 403 of the
Federal Rules of Evidence if the probative value is "substantially
outweighed by the danger of unfair prejudice, confusion of the
issues, or misleading the jury." Cordoba III, 194 F.3d at 1062-63.
This weighing process is primarily for the district courts to
perform.  Id. at 1063.  "Trial judges have wide discretion to
exclude evidence . . . because the considerations arising under
Rule 403 are 'susceptible only to case-by-case determinations,
requiring examination of the surrounding facts, circumstances, and
issues.'" R.B. Matthews, Inc. v. Transamerica Transp. Servs.,
Inc., 945 F.2d 269, 272 (9th Cir. 1991) (quotation omitted).

Courts have held that lie detector evidence has "powerful
persuasive value" and a "misleading reputation as a truth teller."
Ramirez-Robles, 386 F.3d at 1245; United States v. Marshall, 526
F.2d 1349, 1360 (9th Cir. 1975).  This evidence is disfavored

because it has the potential to replace a jury's independent credibility determination.  See United States v. Awkard, 597 F.2d 667, 671 (9th Cir. 1979) (noting that credibility is for the jury, and the jury is the lie detector in the courtroom); Dixon, 2010 U.S. Dist. LEXIS 124393, at *10 (determining that evidence of the mere fact of the examinations, even without the disclosure of results, is prejudicial).  Nonetheless, "[p]olygraph evidence might be admissible if it is introduced for a limited purpose that is unrelated to the substantive correctness of the results of the polygraph examination."  United States v. Miller, 874 F.2d 1255, 1261 (9th Cir. 1989).

Here, Vallery seeks answers to interrogatories asking whether each Defendant would be willing to submit to polygraph examining because the answers would bear on the Defendants' credibility.  In general, the use of polygraph evidence merely to bolster an individual's credibility is "highly prejudicial."  United States v. Sherlin, 67 F.3d 1208, 1217 (6th Cir. 1995); see Cordoba III, 194 F.3d at 1063.  Many courts have therefore determined that evidence relating to an individual's willingness to submit to polygraph testing should be excluded.  United States v. Vigliatura, 878 F.2d 1346, 1349 (11th Cir. 1989); Ortega v. Clark, No. 2:08-cv-1657-KJM-TJB, 2011 U.S. Dist. LEXIS 21333, at *60 (E.D. Cal. Mar. 3, 2011) (explaining the inadmissibility of such evidence in criminal proceedings); United States v. Koebele, No. CR 07-2015-MWB, 2008 U.S. Dist. LEXIS 519, at *13 (N.D. Iowa Jan. 3, 2008) (doubting that a criminal defendant's willingness or unwillingness to take a polygraph test has any probative value); see Jones v. Geneva Pharmaceuticals, Inc., 132 F. App'x 772, 776 (10th Cir. 2005);

1    United States v. Russon, 796 F.2d 1443, 1453 (11th Cir. 1986);

2    United States v. Bursten, 560 F.2d 779, 785-86 (7th Cir. 1977);

3    Baker v. Holman, No. 1:09CV36-A-D, 2011 U.S. Dist. LEXIS 63108, at

4    *19, 29-30 (N.D. Miss. June 13, 2011) (excluding the evidence under

5    Rule 403).  "[A]ny weight jurors might give to evidence that a

6    defendant was willing or unwilling to take a polygraph examination

7    would likely be based on an improper emotional response, making

8    such evidence unfairly prejudicial."  Koebele, 2008 U.S. Dist.

9    LEXIS 519, at *13-14.

10        Vallery merely asks whether each Defendant would be willing to

11   take a lie detector test.  Not only has there not been any

12   examination administered, there is no indication that Defendants

13   will ever submit to actual polygraph testing.  Contra Waters v.

14   United States Capitol Police Bd., 216 F.R.D. 153, 159-60 (D.D.C.

15   2003) (granting plaintiff's motion to compel in part and ordering

16   disclosure of information surrounding the employees who had been

17   ordered to take a polygraph test).  When contemplating the

18   likelihood that the evidence would ultimately be admissible, the

19   probative value of the information is substantially outweighed by

20   the danger of unfair prejudice.  See United States v. Dinga, 609

21   F.3d 904, 908-09 (7th Cir. 2010) (finding that evidence was only

22   marginally probative of the individual's credibility because no

23   test had even been taken, and there was a real potential for

24   confusing the issues and misleading the jury); United States v.

25   Harris, 9 F.3d 493, 502 (6th Cir. 1993) (holding that a defendant's

26   willingness to take a polygraph is only "marginally relevant" to

27   credibility); Wolfel, 823 F.2d at 975.  As a result,

28   interrogatories 8, 9, 10, 16, and 17 are unlikely to lead to the

1  discovery of admissible evidence, and Plaintiff's Motion to Compel

2  responses is **DENIED**.

3      **2.  Amended Interrogatories**

4      The amended interrogatories that Vallery seeks answers to are

5  numbers 6 to Brown, 10 to Dee, 9 and 9(a) to Bell, 7 and 7(a) to

6  Bourland, and 4 and 4(a) to Stratton.  (Mot. Compel 24-30, ECF No.

7  69; Reply 8, 10, ECF No. 94.)  The Defendants object on timeliness

8  and substantive bases.  (Opp'n Mot. Compel 7, ECF No. 86.)

9      **a.  Timeliness**

10      Defendants allege that Plaintiff's amended interrogatories,

11  which include both amended and additional interrogatories, are

12  untimely because they were served beyond the March 21, 2011

13  deadline to serve interrogatories.  (Id.; see id. Attach. #4 Ex. J,

14  at 61, ECF No. 86.)

15      The Court's order regulating discovery specifies that all

16  interrogatories must be served by March 21, 2011.  (Case Management

17  Conference Order 2, ECF No. 61.)  The only request to modify the

18  scheduling order occurred after the discovery cutoff had passed,

19  and only affected the trial-related deadlines [ECF Nos. 97, 99,

20  101].  Because Vallery did not serve his amended interrogatories

21  until May 9, 2011, forty-nine days late, the interrogatories were

22  untimely, and the Motion to Compel responses should be denied on

23  that basis.

24      The Plaintiff advances several arguments in an attempt to

25  overcome the defect.  First, Vallery submits that some of the

26  questions included in the amended interrogatories are merely

27  earlier interrogatories rewritten to secure responses.  (Reply 8,

28  ECF No. 94 (stating that numbers 6, 10, 9, 9(a), 7, and 4, 4(a) to

24

1   Brown, Dee, Bell, Bourland, and Stratton, respectively, were merely

2   rewritten).)   This is an over-simplification.   In the amended

3   interrogatories served on May 9, 2011, Vallery modified original

4   interrogatories 4, 6, 7, 9, and 10 (timely served on February 9,

5   2011), and drafted additional interrogatories 4(a), 7(a), and 9(a).

6   (Compare Mot. Compel 63, 66, 68, 70, 74, ECF No. 69, with Opp'n

7   Mot. Compel Attach. #4 Ex. I, at 45, 77, 84-85, 91, 107, ECF No.

8   86; see also Mot. Compel 68, 70, 74, ECF No. 69.)   For example,

9   original interrogatory 6 to Brown asks, "Were you put on notice

10  that Plaintiff posed a threat of any kind?   Please include and

11  identify all documents that contain information which supports your

12  response."  (Opp'n Mot. Compel Attach. #4 Ex. I, at 45, ECF No.

13  86.")   Defendant Brown objected on vague, ambiguous, and compound

14  grounds.   (Id.)   In his amended interrogatories, Vallery states,

15  "In an attempt to cure any vagueness and ambiguity, Plaintiff

16  amends number six [to Brown] as follows:   On the day of the

17  incidents set forth in the second amended complaint and prior to

18  your searches of Plaintiff, were you put on notice by another

19  officer(s) of facts justifying the searches?"  (Mot. Compel 63, ECF

20  No. 69 (emphasis added).)

21       Second, Plaintiff alleges that interrogatories 8, 9, 10, 16,

22  and 17, involving polygraph examinations, were actually part of the

23  original, timely interrogatories.  (Reply 9, ECF No. 94.)   This

24  argument misses the point because at issue is the timeliness of

25  amended interrogatories 6, 10, 9, 9(a), 7, 7(a), and 4, and 4(a),

26  not 8, 9, 10, 16 and 17.   Third, Plaintiff maintains that the other

27  interrogatories included in the May 9, 2011 discovery, numbers 1

28  and 7 to Stratton, and 17 to Brown, are restated original

                                    25

interrogatories.   (Id.)   This, too, is inconsequential.   Vallery is
not moving to compel original interrogatories 1 and 7 to Stratton,
and as addressed above, the Court construed Vallery's briefs
liberally and has already considered interrogatory 17 to Brown.

Self-represented litigants are not excused from complying with
a court's orders, and Plaintiff's Motion to Compel responses to
amended interrogatories 4, 4(a), 6, 7, 7(a), 9, 9(a), and 10 is
**DENIED**.

### 3.   Additional Interrogatories to Brown

Lastly, the Plaintiff moves to compel answers to "additional
interrogatories for Defendant Brown," which appear to be amended
interrogatories 18 through 23 to Brown served on May 9, 2011.
(Mot. Compel 30-31, 64-65, ECF No. 69; Reply 11, ECF No. 94; see
also Opp'n Mot. Compel 8, ECF No. 86.)   Additional interrogatory 18
inquires whether Sergeant Dee, who was Brown's supervisor at the
time, asked Brown about the strip search after Vallery had left
Brown's presence.   (Mot. Compel 64-65, ECF No. 69.)   Number 19 asks
what, if anything, Sergeant Dee asked Brown about the search, and
how Brown responded.   (Id. at 65.)   Additional interrogatory 20
inquires whether, after Brown strip searched Vallery on April 17,
2004, Dee said or implied that Brown's behavior toward Vallery was
unacceptable.   (Id.)   Next, number 21 requests what other officer
was present in the "MTA's office" after the April 17th strip
search, in addition to Sergeant Dee.   (Id.)   Additional
interrogatory 22 solicits the names of the officers present on
April 17, 2004 to assist Brown as he escorted Vallery to the MTA's
office.   (Id.)   Finally, in number 23, Plaintiff asks Brown what

1   officers were present during and immediately after Brown's April

2   15, 2004 search of Vallery, other than Defendant Dee.  (Id.)

3          **a.   Timeliness**

4          On May 17, 2011, after receiving the additional

5   interrogatories, Defendant Brown served Plaintiff objections to the

6   additional interrogatories and mailed Vallery a letter explaining

7   the objections.  (Opp'n Mot. Compel Attach. #1 Decl. Walters 4, ECF

8   No. 86 (citing id. Attach. #4 Ex. J, at 111-12); see Mot. Compel

9   77, ECF No. 69.)  The Defendant argues that these interrogatories

10  similarly violate the March 21, 2011 deadline for serving

11  interrogatories and document production requests.  (Opp'n Mot.

12  Compel 8, ECF No. 86; see Mot. Compel 77, ECF No. 69; see also Case

13  Management Conference Order 2, ECF No. 61.)

14         Vallery argues, "Aside from timeliness, Defendants lodge no

15  specific objections to [additional] interrogatories numbers 18-23

16  (for Brown)."  (Reply 11, ECF No. 94.)  Plaintiff ignores the

17  deadline for serving interrogatories; he then construes the

18  Defendant's timeliness objection as relating only to the May 23,

19  2011 discovery cutoff.  Vallery alleges that if Defendant was

20  unable to respond to the additional interrogatories in the two week

21  time period between the May 9, 2011 service and the May 23, 2011

22  discovery cutoff, Brown should have sought an extension of the May

23  23, 2011 deadline.  (Mot. Compel 30-31, ECF No. 69; see also id. at

24  77 (explaining to Vallery that the discovery cutoff is May 23,

25  2011, but responses would not be due until June).)  Plaintiff

26  further asserts that any delay was caused by his good faith attempt

27  to resolve the dispute with counsel.  (Id. at 31; Reply 11, ECF No.

28  94.)  Also, discovery proceedings were delayed for one month due to

27

1   the prison's delay in delivering Vallery's original interrogatories

2   dated February 9, 2011, to Brown.  (Mot. Compel 31, ECF No. 69;

3   Reply 11, ECF No. 94.)   The Plaintiff argues that to address the

4   mailing problems, he has filed a Motion to Appoint Counsel, which

5   is still pending.  (Mot. Compel 31, ECF No. 69; see Reply 11, ECF

6   No. 94.)[8]

7        Because Vallery served additional interrogatories 18 through

8   23 on May 9, 2011, far beyond the March 21, 2011 deadline for

9   serving interrogatories, the discovery is untimely.  Plaintiff's

10  Motion to Compel Brown to respond to additional interrogatories 18

11  through 23 is **DENIED**.

12                      **IV.   CONCLUSION**

13       Subject to a protective order, the Plaintiff's Motion is

14  **GRANTED in part and DENIED in part** for the reasons set forth above.

15  IT IS HEREBY ORDERED:

16       1.    Plaintiff's Motion to Compel a response to document

17             request numbers 32 in set one, and 2, 3, and 4 in set

18             two, is **DENIED**, except to the extent outline above.   The

19             Motion to Compel a response to document request number 33

20             in set one is **GRANTED** as explained.   The Motion to Compel

21             Brown to respond to requests for admission 6, 8, and 12;

22             Bell to respond to requests 4 and 7; Bourland to respond

23             to request 5; Stratton to respond to requests 4 and 5;

24             and Dee to respond to requests 5, 12, 15, and 16; is

25             **DENIED**.  Vallery's Motion to Compel answers to his

26             February 9 interrogatories (8, 9, 10, 16, and 17) and May

27

28       [8]  Since the filing of his Motion to Compel, Vallery's Motion
    for Appointment of Counsel has been denied [ECF No. 74].

                              28

1    9, 2011 amended (6, 9, 9(a), 7, 7(a), 4, and 4(a)) and

2    additional interrogatories (18-23) is **DENIED.**

3    2.   The hearing on Defendants' Motion for Summary Judgment is

4         currently set for November 21, 2011, at 10:00 a.m.

5         Plaintiff may file one supplemental opposition that is

6         limited to arguments based on the evidence produced as a

7         result of this Motion to Compel or Plaintiff's separate

8         Motion for Order of Disclosure and In Camera Review.

9         Vallery may file the comprehensive supplemental brief by

10        November 4, 2011.

11   4.   The Defendants may file a reply to Plaintiff's Opposition

12        [ECF No. 79] and any supplemental opposition by November

13        11, 2011.

14

15   DATE: October 6, 2011                    _____

16                                            RUBEN B. BROOKS
                                              United States Magistrate Judge

17   cc:  Judge Sabraw
          All Parties of Record

18

19

20

21

22

23

24

25

26

27

28