UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYNARD VALLERY, | ) | Civil No. 08cv00095 DMS(RBB) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART PLAINTIFF'S** |
| | ) | **MOTION FOR DISCOVERY-RELATED** |
| v. | ) | **RELIEF [ECF NO. 110]** |
| | ) | |
| | ) | |
| J. BROWN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Vallery's Motion for Discovery-Related Relief was filed nunc pro tunc to October 28, 2011 [ECF No. 110]. Plaintiff seeks an order directing the Defendants to (1) disclose missing pages from the produced documents, (2) conduct a more diligent document search, and (3) search for the correct classes of documents. Vallery also seeks an order requiring any CDCR employee to (1) file a declaration identifying policies regarding the destruction of the documents sought and (2) file a declaration establishing whether any documents were destroyed; Plaintiff requests that the person who conducted the searches document the steps taken in doing so. (Mot. Disc. Related Relief 2-3, ECF No. 110.)  The Plaintiff also

moves the Court for an "independent judicial determination of whether Defendants' document searches and reviews were diligent." (Id. at 3.)

On November 18, 2011, Defendants' Opposition to Plaintiff's Motion for Discovery-Related Relief was filed, along with the Declaration of John P. Walters and eight exhibits in support [ECF No. 115].  There, the Defendants argue that the Motion should be denied because it is based, in part, on Vallery's misunderstanding of the exhibits and Court orders, and because Defendants properly complied with the Court orders and discovery requests.  (Defs.' Opp'n 2, ECF No. 115.)

The Court has considered the arguments raised in Vallery's Motion and Defendants' Opposition.  The Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Discovery-Related Relief [ECF No. 110].

## I. APPLICABLE LAW

In response to a request for production of documents under Rule 34 of the Federal Rules of Civil Procedure, a party is to produce all responsive documents in the party's "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  A party may be required to produce a document that is in the possession of a nonparty entity if the party has the legal right to obtain the document.  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).  The term "control" is broadly construed, and it includes the legal right of the responding party to obtain documents from other sources upon demand.  Id. (quotation and citations omitted); 7 James Wm. Moore, et al., Moore's Federal Practice, § 34.14[2][b], at 34-75 (3d ed. 2011) (footnote omitted).

"[W]hen a response to a production of documents is not a production or an objection, but an answer, the party must answer under oath."  7 James Wm. Moore, et al., Moore's Federal Practice, § 34.13[2][a], at 34-57 (footnote omitted); see id. § 34.14[2][a], at 34-73 (footnote omitted); see also Schwartz v. Marketing Publ'g Co., 153 F.R.D. 16, 21 (D. Conn. 1994) (citing cases establishing that the absence of possession, custody, or control of documents that have been requested must be sworn to by the responding party).

## II.  DISCUSSION

**A.  Order Directing Further Responses**

   **1.  Missing pages**

Based on the documents produced by Defendants, the Court finds that Vallery's arguments are without merit.  The employee history summary provided to Vallery is complete; Plaintiff mistakes fax pagination with the number of pages in the document.  Although Vallery believes the inmate appeal log is incomplete, his suspicion is insufficient to refute Defendants' assertion that the document is complete.  The Plaintiff's request for an order directing Defendants to disclose missing pages from Exhibits A and D is **DENIED**.

   **2.  Diligence of search**

The Plaintiff's Motion seeking an order instructing Defendants to conduct a more diligent search is **GRANTED** in part.

With respect to document request 40, Defendant Brown asserts he has produced all documents in his current employer's possession. Brown is to supplement his response to include any additional responsive documents in his possession, custody, or control reflecting the reasons for all of Brown's transfers between

1  prisons, not just his transfer to the California Institute for Men.
2  If true, Officer Brown must also answer under oath that there are
3  no other responsive documents in his possession, custody, or
4  control.  See Vazquez-Fernandez v. Cambridge Coll., Inc., 269
5  F.R.D. 150, 155 (D. P.R. 2010).
6       As to document requests 4 and 6, Defendant Brown is to
7  supplement his responses by providing documents concerning any
8  inmate grievances filed against him for conduct similar to that
9  alleged by Vallery.  If there are no further responsive documents
10 for either request, Brown must indicate so under oath with
11 corresponding specificity.
12      For document request 5 seeking incident reports reflecting
13 altercations between Defendant Brown and inmates, it is unclear
14 whether the Defendant has produced all materials in his control
15 because Defendants' Third Amended Supplemental Responses are not
16 before the Court.  For this reason, Brown is to supplement his
17 responses and also answer under oath.
18      Finally, with regard to document request 42, Vallery
19 challenges Defendant Brown's response relating to Calipatria's
20 investigation of Vallery's claims against him.  The Defendant is to
21 provide any additional documents to Plaintiff and must state under
22 oath the absence of possession, custody, or control over further
23 responsive documents.
24      **3.   Document search parameters**
25      Vallery's Motion for an order directing the Defendants to
26 search for the correct classes of documents is **DENIED.**
27      The Court ordered Defendants to respond to document requests 4
28 and 6 seeking inmate complaints against Officer Brown for conduct

similar to that alleged in the Second Amended Complaint.  The gravamen of Vallery's allegations is that Officer Brown committed sexual misconduct.  Aside from stating under oath that no further responsive documents exist, as discussed previously, Plaintiff is not entitled to the expanded scope of production that he describes.

Additionally, the Court did not order Defendants to produce complaints from other law enforcement agencies in response to document requests 7, 13, 20, 25, and 31.  (See Order Granting in Part & Den. in Part 17-21, ECF No. 102.)  Vallery is not entitled to any further response.

**4.  Declaration concerning document destruction policy**

The Court **DENIES** Vallery's request that the Court order "any CDCR employee" to provide a declaration confirming the existence of a policy regarding the destruction of prison records.  For document requests 10, 17, 23, and 29, Plaintiff is not entitled to a declaration from an unspecified third party.  Even so, Defendants Dee, Bell, Stratton, and Bourland must establish the nonexistence of complaints filed before 2006 in a statement made under oath.  These Defendants are also to state under oath that the documents produced relating to complaints filed between 2006 and January 16, 2008, are exhaustive.

**5.  Declaration as to actual document destruction**

Likewise, for document requests 10, 17, 23, and 29, the Court will not direct an unidentified third party to submit a declaration that the relevant inmate complaints against Defendants Dee, Bell, Stratton, and Bourland prior to 2006 were in fact purged.  To that extent, Plaintiff's request is **DENIED**.  The four responding Defendants, however, are to state under oath that they do not have

possession, custody, or control over additional responsive documents.

**6.   Document search declaration**

Vallery also seeks an order directing "the person or persons who actually conducted the searches and reviews" to submit a declaration describing the searches.  Plaintiff's request is similarly **DENIED**; however all Defendants are to state under oath that all responsive documents have been provided.

**B.   Independent Judicial Determination**

Based on the above, the Court **DENIES** Vallery's request for a judicial determination as to the adequacy of Defendants' document requests.

**III.   CONCLUSION**

The Plaintiff's Motion for Discovery-Related Relief [ECF No. 110] is **GRANTED** in part and **DENIED** in part.

IT IS HEREBY ORDERED:

1. The Defendants are to serve Vallery with supplemental responses to these document requests, and, where appropriate, include statements under oath no later than December 2, 2011.  The records may be redacted only to eliminate sensitive personal information, such as social security numbers, home addresses, telephone numbers, family and health insurance information.

2. The hearing on Defendants' Motion for Summary Judgment set for January 9, 2012, at 10:00 a.m. remains as set.  Plaintiff may file a one comprehensive supplemental opposition by December 15, 2011.  The Defendants may

reply to Vallery's Opposition [ECF No. 79] and any supplemental opposition by December 30, 2011.

DATE:   November 23, 2011

RUBEN B. BROOKS
United States Magistrate Judge

cc: Judge Sabraw
    All Parties of Record