# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYNARD VALLERY,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>JAMES BROWN, et al.,<br><br>　　　　　　　　Defendant. | Case No. 08cv95-DMS (RBB)<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDERS AND DENYING HIS MOTION TO POSTPONE SUMMARY JUDGMENT PROCEEDINGS** |

Plaintiff, a state prisoner proceeding *pro se*, filed a complaint for violation of his constitutional rights while incarcerated at Calipatria State Prison. He alleges he was sexually assaulted by Correctional Officer Brown, while his supervisor, Correctional Sergeant Dee, watched, and that other Defendants engaged in a cover up of the misconduct. On June 17, 2011, Appeals Coordinator Bell, Warden Bourland and Correctional Lieutenant Stratton filed a motion for summary judgment,[1] which was referred to United States Magistrate Judge Ruben B. Brooks for a report and recommendation pursuant to Civil Local Rule 72.3. On January 13, 2012, Judge Brooks issued the Order Denying Plaintiff's Motion for Precluding Use of Deposition Testimony and Report and Recommendation Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. Pending before

---

[1] Defendants Brown and Dee did not move for summary judgment.

the Court are Plaintiff's Objections/Motion to Postpone Summary Judgment Proceedings ("Motion"). Plaintiff objects to Judge Brooks' discovery orders, requests suspension of summary judgment proceedings pending further discovery, and objects to the January 13 report and recommendation to grant the summary judgment motion in part. Responses to objections to the report and recommendation on Defendants' summary judgment motion are not due until February 17, 2012. Accordingly, Plaintiff's objections to the report and recommendation are not addressed in this order. For the reasons which follow, Plaintiff's objections to the Magistrate Judge's discovery orders are **OVERRULED** and his motion to postpone summary judgment proceedings is **DENIED**.

    Because Plaintiff contended he could not properly oppose the summary judgment motion due to pending discovery disputes, he was granted several extensions of time to file opposition briefs. (*See* January 13, 2012 Order Denying Plaintiff's Motion for Precluding Use of Deposition Testimony and Report and Recommendation Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("R&R") at 3-4.) Most recently, Plaintiff was granted leave to file a supplemental opposition brief no later than December 15, 2011. (*Id*. at 4.) As of the January 13, 2012, Plaintiff had not filed a brief and Judge Brooks issued a report and recommendation. He recommended granting summary judgment as to Defendants Bell and Bourland and denying it as to Defendant Stratton. Subsequently, Judge Brooks received Plaintiff's Application to File Motion out of Time and Motion to Postpone Summary Judgment Proceedings, requesting him to accept his untimely motion to postpone his December 15, 2011 due date for filing a supplemental opposition based on outstanding discovery issues. (Minute Order filed Jan. 19, 2012.) Because the report and recommendation had already issued, the motions were denied as moot, but the order indicated Plaintiff could raise the same issues with his objections to the report and recommendation. (*Id*.) Plaintiff has now done so.

    Among other things, Plaintiff objects to Judge Brooks' discovery orders. "A party may serve and file objections to [a magistrate judge's non-dispositive] order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. Proc. 72(a). Plaintiff objects to discovery orders issued September 20, 2011, October 7, 2011 and

1  November 23, 2011.  His objections, filed February 6, 2012, are therefore **OVERRULED** as
2  untimely.[2]

3      Next, Plaintiff requests a postponement of summary judgment proceedings pending further
4  discovery.  Under Federal Rule of Civil Procedure 56(d),

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

To prevail on a Rule 56(d) motion, the party must show "why [he] cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact" to defeat the summary judgment motion.  *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (1989).  In addition, he "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  Plaintiff claims summary judgment would be premature given the outstanding discovery.

    Plaintiff has not met the standard necessary to continue the summary judgment ruling because he has not filed an affidavit in support of the request.  Furthermore, the time for Plaintiff to oppose the motion was extended several times to accommodate his need for discovery.  (R&R at 3-4.)  Plaintiff had ample time to obtain the discovery he needed, and does not explain why he was not able to accomplish it in time to file his supplemental opposition on December 15, 2011.  Finally he has not identified specific facts that further discovery would reveal, or explain how those facts would preclude summary judgment.  Plaintiff's motion to postpone summary judgment proceedings is **DENIED**.

    **IT IS SO ORDERED.**

DATED: February 14, 2012

                                                               HON. DANA M. SABRAW
                                                               United States District Judge

---

[2] Plaintiff's December 5, 2011 Motion to Postpone Summary Judgment Proceedings, which did not reach the Court due to mailing difficulties (*see* Minute Order filed Jan. 19, 2012) did not contain any discovery objections.  (*See* Mot. Ex. A.)  Plaintiff's Reply to Defendants' 11-14-11 Supplemental Response to Request for Documents, filed December 7, 2011, also does not include objections to discovery orders.